**W. E. BASSETT COMPANY, Plaintiff,**

v.

**H. C. COOK COMPANY et al.,**
**Defendants.**

No. 6532.

United States District Court
D. Connecticut.

Dec. 28, 1961.

As Amended Jan. 9, 1962.

See also D.C., 164 F.Supp. 278.

Samuel A. Persky, Stoddard, Persky, Eagan & Cobey, New Haven, Conn., John B. Cuningham, Cooper, Dunham, Dearborn & Heninger, Roy C. Hopgood, Mitchell & Bechert, Stewart W. Richards (of Beer, Richards & Haller), New York City, for plaintiff.

Lindsey & Prutzman, Hartford, Conn., William K. Bennett, Ansonia Conn., Craig B. Bright, Richard G. Moser, Patterson, Belknap & Webb, New York City, for defendants.

ANDERSON, Chief Judge.

This action was brought on January 29, 1957. The plaintiff at that time and continuously since that time has been represented by Attorney John B. Cuningham of the New York Bar. Samuel A. Persky, Esquire, of New Haven, Connecticut, a member of the Bar of this Court, entered his appearance for the plaintiff. Attorney Cuningham was granted leave actively to present the case in this court. At that time Mr. Cuningham was a partner in the New York law firm of Davis, Hoxie & Faithful. On September 1, 1958 he became a partner in the New York law firm of Cooper, Dunham, Dearborn & Henninger. From the inception of the case there have been extensive discovery and disclosure proceedings by both parties.

On November 16, 1961, Attorney Cuningham, on behalf of the plaintiff, filed a Rule 34 motion seeking, among other items, the disclosure of the following:

"Item 12. The opinion of Robert S. Dunham regarding the application for a patent on the Koczak clipper, Serial No. 175,719 filed August 2, 1950 and all documents relating or referring thereto. This was made the subject of cross-examination by Mr. Bright at Tr. pp. 559–60 on November 3, 1961, and was demanded on the grounds of waiver by plaintiff's attorney at Tr. pp. 579–80. It was also the subject of the subpoena issued out of this Court on November 8, 1961 and mailed to William K. Bennett at his Ansonia address, a copy of which was delivered to him on the return date of November 10, 1961 at the beginning of his deposition. It is obviously of great importance to the patent issues in this case as a vital link in defendants' attempts to avoid infringement of the clipper lug patent in suit. It undoubtedly has a bearing on whether defendant H. C. Cook had notice of said infringement in about 1950, as to which they request an admission by plaintiff, which admission is due December 8, 1961.

"Item 13. Production of all of the documents returned to The H. C. Cook Company by the firm of Cooper, Dunham, Dearborn & Henninger in 1958, with the exception of documents for which the attorney-client privilege is asserted. With respect to every document as to which a privilege is claimed, a description of each such document and the basis for the privilege claimed sufficiently complete to permit a determination as to the validity of the claim of privilege. This file, which relates to the conduct of the 1951 suit in the Connecticut Court, almost certainly contains information relevant to the defense of laches and estoppel asserted by the defendants here and to the attitude of the defendant The H. C. Cook Company at the time that case was dismissed in 1953 without prejudice to the instant action. Mr. Bennett, in his deposition on November 10, 1961, testified that the action which The Cook Company then took was contrary to what he would have advised in the light of subsequent circumstances."

This motion was objected to and in the course of considering briefs, correspondence and arguments, it came to this court's attention for the first time that during the years 1950–53 the defendant, the H. C. Cook Company, had been represented by the firm of Cooper, Byrne, Dunham, Keith & Dearborn, predecessor of Cooper, Dunham, Dearborn & Henninger and had been advised by that firm in patent and trade mark matters, in which H. C. Cook Company was at issue with the Bassett Company, including a Connecticut State Court suit, brought in 1951 and dismissed in 1953, by Bassett against the Cook Company, in which the same claims of unfair competition, based on alleged copying of Bassett's design of fingernail clippers, were raised as they are in the present action. The firm had also represented the H. C. Cook Company during this period on the right of the Cook Company to use the trade-mark "Mini-clip" and its right to use the lever-locking device, which, in the present action, Bassett attacks as an infringement of its lug patent.

When Mr. Cuningham joined the firm of Cooper, Dunham, Dearborn & Henninger in 1958, he fully advised his prospective partners of the pendency of the present action, and it was agreed that he would be permitted to continue the case as his own without any participation by the new partners. As a partner in Cooper, Dunham, Dearborn & Henninger, Mr. Cuningham's share of the profits of the firm was unaffected by whatever income he might derive from the present case. Mr. Dunham, who was the partner representing the H. C. Cook Company in 1950–53, is still a member of the law firm. His representation of the H. C. Cook Company was concluded in 1953. Just before Mr. Cuningham joined the firm in September, 1958, Mr. Dunham advised the H. C. Cook Company that Mr. Cuningham was about to join the

firm as a partner, and that he individually represented the Bassett Company. With this notification Mr. Dunham returned to the H. C. Cook Company all of the files, concerning the Cook Company matter, which the firm had. In his letter dated August 27, 1958, Mr. Dunham said among other things:

"We are arranging our expected association with Mr. Cuningham so that neither the firm nor any present partner thereof will appear, act or participate in any way in the action between your company and Bassett; nor will the partnership nor any present partner of the firm share directly, indirectly or in any way in whatever fees are paid for services rendered and to be rendered by Mr. Cuningham to the Bassett Company in connection with the mentioned action. Mr. Cuningham has been advised that so long as he continues to represent Bassett in this matter, he will do so individually and in all respects entirely apart from our firm of which he is to become a partner."

The present case has been conducted by Mr. Cuningham at arm's length from his present partners and there has been no discussion or consultation with any of them concerning the case, except for what has been above mentioned.

The defendants were, of course, fully aware of the fact that Mr. Cuningham had become a partner in a firm which had formerly represented the H. C. Cook Company. However, no objection was raised by the defendants until the plaintiff filed its Rule 34 motion on November 16, 1961, and they now claim that the exploration of the non-privileged matters handled by Attorney Dunham for the H. C. Cook Company in 1950-53 will lead to embarrassment and conflicts of interest and may ultimately require the examination of Attorney Dunham by one party or the other. On this state of facts the court felt that there was a possible disqualification of Attorney Cuningham and, on its own motion, held a hearing on December 4, 1961 at which all parties were represented.

Mr. Cuningham, as counsel for the plaintiff, has decided that it is necessary for the proper preparation of the plaintiff's case that there be disclosed to him the non-privileged contents of the file which Attorney Dunham, Mr. Cuningham's present partner, kept while he represented the defendant, the H. C. Cook Company, concerning some of the identical matters now at issue in the present case. This file includes an opinion given by Attorney Dunham to the H. C. Cook Company concerning some of these issues. Mr. Cuningham asserts that the opinion is available because privilege has been waived. What other materials are non-privileged will undoubtedly be a source of dispute between the parties which may well involve testimony by Attorney Dunham.

Specific matters concerning which Attorney Dunham was retained by the H. C. Cook Company and concerning which he advised and represented it in its dispute with Bassett, which are an important part of the issues in the present case, are whether Cook's clippers unfairly copied the distinctive appearance and identifying non-functioning features and forms of Bassett's clippers, the right of the Cook Company to adopt a lever-locking device on its clippers and its right to use the trade-mark "Miniclip".

The question, presented to the court, is whether or not Attorney Cuningham is disqualified from representing the plaintiff in the present case because one of his present partners, Attorney Dunham, once represented and advised the H. C. Cook Company, one of the defendants in the present case, on several of the issues in the case even though there has been no showing that there was ever disclosed to Attorney Cuningham by Attorney Dunham or any of his present partners confidential information of the H. C. Cook Company.

The plaintiff asserts that this question is answered by the cases of United States v. Standard Oil Co., 136 F.Supp. 345 (S.D.N.Y.1955) and Fleischer v. A. A. P. Inc. et al., 163 F.Supp. 548 (S.D.N.Y. 1958), appeal dismissed sub nom. Flei-

scher v. Phillips, 2 Cir., 264 F.2d 515. It claims that these cases show that, at the most, Attorney Cuningham could only be "vicariously disqualified" and, assuming this to be so, he has completely rebutted any real disqualification because he has shown he gained no confidential information through his partner Mr. Dunham.

In the Standard Oil case an attorney, named Horn, for two and one-half years served in the office of the General Counsel of the Economic Cooperation Administration of the United States Government at its Paris office in capacities from attorney to general counsel of the Paris office until he resigned from the Government service in October, 1951. In November of 1951 he entered the employ of Sullivan & Cromwell, attorneys in New York City, and became a partner in that firm in January, 1953. In the spring of 1952 Sullivan & Cromwell was retained to represent Esso Export in a suit brought against it by the U. S. Government and Attorney Horn actively participated in the case on behalf of Esso. The Government challenged the propriety of Mr. Horn's appearance because, during his service for the Government in Paris, the contested transactions which formed the subject matter of the case were being processed in the Washington office of the ECA. The court held that Horn was not disqualified. It, in effect, decided that counsel for the Paris office of a vast governmental agency would not be irrebuttably presumed to have knowledge of the files of a case being processed in the agency's Washington office. It said that in considering the question of whether a substantial relationship existed between the former representation and the second suit, the word "substantial" must be given some restrictive content in the light of the facts of that particular case. It found that Horn's work in the Paris office was entirely unrelated to the controversy involved in the suit against Esso Export.

It is obvious that the Esso or Standard Oil case is readily distinguishable on its facts from the case at bar where a *present* partner of Attorney Cuningham had actually represented one of the defendants in connection with some of the very same issues raised by the very same plaintiff.

The Fleischer case is likewise distinguishable. The issue in that case was whether or not the matters with which the suit was concerned were substantially related to matters concerning which the attorney had represented his former client, now the client of his adversary. The present case is not concerned with an issue of whether or not Attorney Dunham's representation of the defendant H. C. Cook Company is substantially related to the issues and subject matter of the present suit of Bassett v. Cook, et al., because several of the issues are exactly the same; obviously they cannot help but be substantially related. Nor is Mr. Cuningham's position one of "vicarious disqualification" where the inferences of disqualification are treated as rebuttable, Harmar Drive-In Theatre, Inc. v. Warner Bros. Pictures, Inc., 239 F.2d 555 (2 Cir. 1956), rehearing denied 2 Cir., 241 F.2d 937, because Attorney Dunham is the *present* partner of Mr. Cuningham, and Attorney Dunham's disqualification, ipso facto, disqualifies Attorney Cuningham and the other partners. Laskey Bros. of West Virginia Inc. v. Warner Bros. Pictures, 224 F.2d 824, (2 Cir. 1955) cert. denied 350 U.S. 932, 76 S.Ct. 300, 100 L.Ed. 814; Harmar Drive-In Theatre v. Warner Bros. Pictures, supra.

When Mr. Cuningham became a partner in Cooper, Dunham, Dearborn and Henninger, he and his partners took particular pains to segregate Bassett v. Cook, et al. as Mr. Cuningham's personal case, unrelated to the partnership either by way of access to information, discussion or participation in proceeds; and it appears that they conscientiously sought to carry out this arm's length arrangement. They also made a full and fair disclosure to the H. C. Cook Company. What they did not or could not change, however, were the two really significant facts which are determina-

tive of this question: first, that Mr. Cuningham and Mr. Dunham became partners; second, that Mr. Dunham had represented the defendant the H. C. Cook Company and advised it concerning some of the most important issues in this case. These facts require Mr. Cuningham's disqualification in the present action. Harmar Drive-In Theatre v. Warner Bros. Pictures, supra; Laskey Bros. of W. Va. Inc. v. Warner Bros. Pictures, supra; and T. C. & Theatre Corp. v. Warner Bros. Pictures, 113 F.Supp. 265 (S.D.N.Y.1953). Reference is also made to the discussion of Canon 6 by Judge Hincks in Consolidated Theatres v. Warner Bros. Circuit Management Corp., 2 Cir., 216 F.2d 920.

That the defendants raised no objection until the plaintiff's Rule 34 motion of November 16, 1961 has little or no bearing on the matter, because the court has a duty over and above that of counsel to see that the integrity and good name of the bar and of the administration of the law are upheld. The court is satisfied that Mr. Cuningham, Mr. Dunham and the other partners of Cooper, Dunham, Dearborn and Henninger made every effort to comply with Canons 6 and 37 as they honestly interpreted them.

It is by no means a case of irresponsible conduct or contumacy on the part of any of them. What was not clear to them was that, irrespective of a financial arrangement by which all fees from Bassett v. Cook et al. went only to Mr. Cuningham and no discussions and exchanges of information concerning the case were held between him and any other partners, nevertheless, the fact of the partnership constituted in itself for the firm a "subsequent acceptance of * * * employment from others [i. e. Bassett] in matters adversely affecting [an] interest of the client [i. e. H. C. Cook Co.] with respect to which confidence has been reposed."

The Rule 34 motion, which brought this question to the forefront, and the likelihood of there being brought into this case past activities by Attorney Dunham in representing Cook in connection with many of the issues, point up the consequences of not complying with Canons 6 and 37. Circumstances have now been created which, with Mr. Cuningham remaining in the case, will inevitably lead to suspicion and distrust in the minds of the defendants and the opportunity for misunderstanding on the part of the public which will lead to a lack of confidence in the bar.

Besides Mr. Cuningham's appearance for the plaintiff in this case, there have also appeared on its behalf Attorney Stewart W. Richards of Beer, Richards and Haller, of New York City and Attorney Roy C. Hopgood, also of New York. Mr. Richards was examined by the court in the hearing of December 4, 1961 and it is found that he is not disqualified to continue his representation of the plaintiff, nor is Mr. Samuel A. Persky of the Connecticut Bar disqualified as local qualifying counsel. No evidence came before the court with regard to Mr. Hopgood, and his status will be left for later determination.

In the memorandum filed by this court on December 4, 1961, entitled "Orders and Summary of Orders", rulings as to Items 12 and 13 were deferred until the issue of Mr. Cuningham's disqualification had been decided.

Regarding Item 12 there appears to be a dispute between the parties as to the waiver of the attorney-client privilege as it may apply to the opinion of Attorney Robert S. Dunham. No ruling on this item will, therefore, be made at this time but the motion concerning it will go off the list to be noticed at a later date or withdrawn at the option of counsel which will succeed Attorney Cuningham. The motion as to Item 13 is granted.

Attorney Cuningham is ordered to disappear as counsel for the plaintiff and to disassociate himself from the case.