[No. 40941. En Banc. April 30, 1970.]

VELMA KURBITZ, *Respondent,* v. ALBERT B. KURBITZ, *Petitioner.**

*Perry J. Robinson,* for petitioner.

*J. P. Tonkoff* (of *Tonkoff & Dauber*), for respondent.

*Jack P. Scholfield,* amicus curiae.

WEAVER, J.—This proceeding brings into sharp focus the interpretation and application of Canons of Professional Ethics 6 and 37 to the facts of the instant case.

*Reported in 468 P.2d 673.

Adverse Influences and Conflicting Interests. It is the duty of a lawyer at the time of retainer to disclose to the client all the circumstances of his relations to the parties, and any interest in or connection with the controversy, which might influence the client in the selection of counsel.

It is unprofessional to represent conflicting interests, except by express consent of all concerned given after a full disclosure of the facts. Within the meaning of this canon, a lawyer represents conflicting interests when, in behalf of one client, it is his duty to contend for that which duty to another client requires him to oppose.

The obligation to represent the client with undivided fidelity and not to divulge his secrets or confidences *forbids also the subsequent acceptance of retainers or employment from others in matters adversely affecting any interest of the client with respect to which confidence has been reposed.* [Italics ours.]

Confidences of a client. It is the duty of a lawyer to preserve his client's confidences. *This duty outlasts the lawyer's employment,* and extends as well to his employees; and neither of them should accept employment which involves or may involve the disclosure or use of these confidences, either for the private advantage of the lawyer or his employees or to the disadvantage of the client, without his knowledge and consent, and even though there are other available sources of such information. A lawyer should not continue employment when he discovers that this obligation prevents the performance of his full duty to his former or to his new client. [Italics ours.]

The issues in this case are presented to us by a writ of certiorari granted to review an order of the superior court denying defendant's motion to exclude J. P. Tonkoff as counsel for plaintiff in this action.

After a thorough review of the record, we conclude that the order denying the motion must be reversed for the reason J. P. Tonkoff is disqualified from appearing in this case as counsel for plaintiff.[1] His name is, therefore, stricken from the record as counsel for plaintiff.

---

[1] Although Justice Finley heard oral argument in this case, he did not participate in the court's post argument conferences nor in this decision.

This conclusion is based upon the following:

For a number of years, the law firm of Tonkoff, Holst and Hopp, had represented defendant Albert B. Kurbitz in various legal matters, mostly involving the organization of certain corporations, in which Mr. and Mrs. Kurbitz have a substantial stock interest. *See Evar, Inc. v. Kurbitz,* 77 Wn.2d 948, 468 P.2d 677 (1970).

April 29, 1964, Sarah Caster, mother of Mr. Kurbitz, died. She left an estate appraised in the sum of $189,160.70. The bulk of the estate was left to her grandchildren, children of Mr. and Mrs. Kurbitz. Nothing was willed to Mr. Kurbitz; he was, however, named executor and trustee of the estate with the right and power to borrow money from the estate. Mr. Kurbitz borrowed $53,657.25. It has not been repaid. Mr. William B. Holst, a member of the law firm of Tonkoff, Holst and Hanson, was employed to probate the estate.

July, 1968, the law firm of Walters and Whitaker commenced this divorce action on behalf of Mrs. Kurbitz. August 4, 1968, Mr. Holst died.

In November, 1968, Mr. Tonkoff transferred the Caster estate file to counsel for Mr. Kurbitz.

Mr. Kurbitz was executor, trustee, and debtor of his mother's estate. After Mrs. Kurbitz commenced this divorce action, Mr. Kurbitz, as executor, assigned the estate's claim against himself to G. H. Parsons for collection. Mr. Parsons, in turn, brought suit against Mr. and Mrs. Kurbitz. In December, 1968, Mr. Kurbitz confessed judgment for $54,426 so that there appeared a community debt, which, of course, would embarrass plaintiff wife in reaching a property settlement with her husband in the instant case. Subsequently, Mrs. Kurbitz, through her lawyer, J. P. Tonkoff, had the judgment vacated upon the ground that it had been unfairly and fraudulently obtained.

Canon of Professional Ethics 6, *supra,* makes legal representation of conflicting interests unethical unless the lawyer has made a complete disclosure to both parties and obtained their consent. Consent is absent in the instant case.

Canon 37, *supra,* establishes that a lawyer has a duty

both to his own former clients and to those former clients of the law firm of which he is a member.

Mr. Tonkoff argues that he is not governed by these canons in this litigation. He contends that while Mr. Kurbitz's counsel, Mr. Holst, was a member of Mr. Tonkoff's law firm, he—Mr. Tonkoff—did not personally handle Mr. Kurbitz's affairs; and that there is no proof that he possessed any of Mr. Kurbitz's confidential information. We do not accept this analysis. The professional obligation defined by the Canons, like any legal relationship, may be established by reasonable inference. In this field, conduct should not be weighed with hairsplitting nicety.

The relationship of partners in the practice of law is a close and intimate one. The everyday interchange of ideas and problems between legal associates may inadvertently release information which would have been otherwise kept confidential. Should one partner—or former partner—be allowed to represent clients with adverse interests, confidences would surely be violated.

Nor can a burden of proof be placed upon Mr. Kurbitz to establish that a member of a law firm that once represented him actually possessed confidential information. This could result in disclosure of the confidences the canon intends to shelter.

> It must be remembered that the attorney in such situations as this does not have the shelter enjoyed by a defendant whose adversary must meet a burden of proof. Where conflict of interest or abuse of professional confidence is asserted, the right of an attorney freely to practice his profession must, in the public interest, give way in cases of doubt. [*Chugach Elec. Ass'n v. United States Dist. Court for Alaska*, 370 F.2d 441, 444 (9th Cir. 1966)]

The fact that information of adverse impact received or available has not been used as yet, or may never be used, does not obscure Mr. Tonkoff's obligation not to accept employment against a former client of his law firm, especially when the subject matter of the former employment —organization of family corporations and probation of the Caster estate—is substantially related to the property mat-

ters between Mr. and Mrs. Kurbitz now in dispute in the instant case.

Federal courts have met the factual situation presented in the instant case on a number of occasions and have resolved it in a fashion we approve.

■ In *Consolidated Theatres, Inc. v. Warner Bros. Circuit Management Corp.*, 216 F.2d 920, 52 A.L.R.2d 1231 (2d Cir. 1954), the court considered two factors when it disqualified an attorney for conflict of interest. The first is whether the matters embraced within the pending suit involving an attorney's former client are substantially related to matters on which the attorney or someone in his association previously represented the former client. *W. E. Bassett Co. v. H. C. Cook Co.*, 201 F. Supp. 821 (D. Conn. 1961), *aff'd*, 302 F.2d 268 (2d Cir. 1962).

Second, if the attorney in the present litigation did not formerly represent the adverse client, but had *access to confidential information* which is material to the present suit, then the attorney should disqualify himself. *See United States v. Trafficante*, 328 F.2d 117 (5th Cir. 1964); *Humble Oil & Refining Co. v. American Oil Co.*, 224 F. Supp. 909 (E.D. Mo. 1963).

The circumstances of the present case clearly fall within both these two categories. The divorce action will ultimately involve the assets of the Kurbitz marital community and, in particular, the confessed debt which grew out of the Caster estate, represented by the Tonkoff firm during Mr. Holst's life.

Finally, Mr. Tonkoff had more than access to the Caster estate and its affairs. Following Mr. Holst's death, he had *possession* of the estate file. An inquiry, therefore, into the actual knowledge Mr. Tonkoff possessed of Mr. Kurbitz's affairs is unnecessary to conclude that Mr. Tonkoff should be disqualified from the instant case. It is sufficient that an appearance of conflicting interests has been made.

The case is remanded for further proceedings not inconsistent with this opinion.

HUNTER, C. J., ROSELLINI, HAMILTON, HALE, NEILL, and McGOVERN, JJ., concur.