[No. 40955. En Banc. April 30, 1970.]
EVAR, INC., *Respondent,* v. ALBERT KURBITZ, *Petitioner.**

*Perry J. Robinson,* for petitioner.

*J. P. Tonkoff* (of *Tonkoff & Dauber*), for respondent.

WEAVER, J.—This action, together with at least one other pending in Yakima County, is to determine the ownership of stock, and management, and control of several closely held corporations.

The principal action, cause No. 26833, entitled Velma Kurbitz v. Albert B. Kurbitz, is for divorce, division of property, and temporary relief pendente lite. *See Kurbitz v. Kurbitz,* 77 Wn.2d 943, 468 P.2d 673 (1970).

The instant case, cause No. 51917, and cause No. 51919, entitled Albert B. Kurbitz, et al., v. Ralph Uber and Velma Kurbitz, appear to be the preliminary "in-fighting" subsidiary to a determination of ownership and division of property in the principal divorce action.

The sole assignment of error before us for review, pursuant to a writ of certiorari, is that:

The court erred entering the order of March 21, 1969, which enjoined the defendant [Albert B. Kurbitz] from voting the corporate stock registered in his name and directing him to transfer it and other stock to the plaintiff. [Evar, Inc.]

The order of March 21, 1969 sought to be reviewed provides:

*Reported in 468 P.2d 681.

that the defendant be and he hereby is restrained and enjoined from voting said stock in the Yakima Medical Arts, a corporation, which stock is in the amount of 5368 shares and that Evar, Inc., the plaintiff, has the right to vote said stock.

. . . that the defendant be and he is hereby ordered, within ten days, to prepare a document notifying the Yakima Medical Arts corporation that said stock in the sum of 5368 shares was transferred to Evar, Inc., a corporation, and that Evar, Inc., is the owner thereof.

. . . that the defendant, forthwith, transfer all stock of the Crescent Medical Center, now standing in defendant's name, to Evar, Inc. amounting to 16,500 shares of stock.

. . . that all other property and matters considered in this hearing will be reserved *until the time of trial of the above captioned matter.* [Italics ours.]

In view of the disposition we make of this case in its present posture, it is not necessary that we set forth the detailed facts relied upon by the trial court when it entered its order of March 21, 1969, quoted *supra.* It is, however, necessary to outline the procedure which led to entry of the order.

This action was commenced November 8, 1968, by Evar, Inc., a Washington corporation, against defendant Albert Kurbitz. The complaint prays that Mr. Kurbitz be required: (a) to deliver to the officers of the plaintiff corporation property belonging to it, which is in his possession and under his control; and (b) to give a complete and full accounting of all moneys received by him on behalf of the corporation. In addition, the complaint prays for a money judgment for corporate moneys and property allegedly converted by defendant Kurbitz for his own use.

November 8, 1968, the same day this action was filed, the trial court issued an order to Mr. Kurbitz to show cause why he should not deliver certain corporate property to plaintiff, Evar, Inc. The show cause order appears to ask the same relief asked in the complaint.

November 19, 1968, the show cause order (identified by the trial judge as a motion) came on for hearing at the

same time a motion for a temporary restraining order pendente lite in case No. 26833, and a motion for a temporary injunction in case No. 51919, were presented to the court.

As a result of the combined hearing on November 19, 1968, the trial court entered findings of fact, conclusions of law, and an order which directed Mr. Kurbitz to surrender and deliver certain property to Evar, Inc. The motion in case No. 51919 was denied. The record in the instant case makes no reference to the court's disposition of the motion for a temporary restraining order pendente lite in case No. 26833.

November 19, 1968, when hearing was held upon the motion to show cause and other related matters, and on December 24, 1968, when the trial court entered the order we have discussed, issues of the instant case had not yet been formed. Defendant did not serve and file his answer and cross-complaint until January 31, 1969. We believe it apparent, therefore (although a statement of facts has not been brought to this court), that the various motions presented to the trial court November 19, 1968, were for the purpose of preserving the status quo and to freeze temporarily the assets involved pendente lite until all issues presented by the pleadings could be heard upon the merits.

Having failed to obey the order of December 24, 1968, defendant Kurbitz was cited into court for contempt on February 7, 1969. After hearing, the trial court entered two orders March 21, 1969: the first determined that defendant Kurbitz was not in contempt of court; the provisions of the second order of March 21, 1969, are quoted *supra*.

Defendant Kurbitz contends that the second order of March 21, 1969, restraining and enjoining him from voting certain corporate stock and directing that he immediately transfer certain stock to plaintiff Evar, Inc. is ineffective. We agree.

■ RCW 7.40.080 provides:

No injunction or restraining order shall be granted until the party asking it shall enter into a bond, in such a sum as shall be fixed by the court or judge granting the order, with surety to the satisfaction of the clerk of the

superior court, to the adverse party affected thereby, conditioned to pay all damages and costs which may accrue by reason of the injunction or restraining order. The sureties shall, if required by the clerk, justify as provided by law, and until they so justify, the clerk shall be responsible for their sufficiency.

In *Irwin v. Estes,* 77 Wn.2d 285, 461 P.2d 875 (1969), the court held that posting a bond is mandatory. No bond having been fixed by the trial court, the order of March 21, 1969 is invalid. *Western Academy of Beaux Arts v. De Bit,* 101 Wash. 42, 171 P. 1036 (1918).

Reversed and remanded for further proceedings.

HUNTER, C. J., ROSELLINI, HAMILTON, HALE, NEILL, and McGOVERN, JJ., concur.