[Civ. No. 53345. Second Dist., Div. Four. Aug. 4, 1978.]

BARBARA C. COOKE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
JACK KENT COOKE, Real Party in Interest.

[Civ. No. 53246. Second Dist., Div. Four. Aug. 4, 1978.]

JACK KENT COOKE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
BARBARA C. COOKE et al., Real Parties in Interest.

584

**COUNSEL**

Arthur J. Crowley and Douglas A. Bagby for Petitioner and Real Party in Interest Wife.

Howard S. Smith, Mitchell, Silverberg & Knupp, Arthur Groman, Ball, Hunt, Hart, Brown & Baerwitz, Joseph A. Ball and Howard B. Soloway for Petitioner and Real Party in Interest Husband.

No appearance for Respondent.

## OPINION

**KINGSLEY, J.**—We have consolidated for hearing and decision the above two cases, since they both involve attacks on an order of respondent court, entered on March 20, 1978, in a dissolution proceeding between Barbara and Jack Cooke.

The record before the trial court, and before us, shows that, after the separation of the parties and after Mr. Cooke had moved to Las Vegas, Nevada, a family servant, H. G., who had been employed by the Cookes, went with Mr. Cooke to Las Vegas in the capacity of houseman, butler and chauffeur. Beginning in April of 1977, H. G. began to eavesdrop on conversations between Mr. Cooke and his attorneys and on dictation by Mr. Cooke to his secretary and otherwise. In September of 1977, H. G. copied, on a duplicating machine belonging to Mr. Cooke, a document which he mailed to Mrs. Cooke, who, in turn, transmitted it to her attorneys, Arthur Crowley and Douglas Bagby. Other similar copyings and transmittals followed, resulting, in the end, in 10 such transmissions of 10 separate documents.

Contending that the documents involved were (with two exceptions) privileged and confidential, Mr. Cooke sought an order, in effect, prohibiting the use by Mrs. Cooke and her attorneys of the documents claimed to be privileged and to have Mr. Crowley, Mr. Bagby and their law firms disqualified from further representation of Mrs. Cooke in the dissolution proceeding. In the order herein attacked, the trial court, after a hearing, made an order prohibiting any use of them by Mrs. Cooke or her attorneys, but refusing to disqualify the attorneys.

In Civ. 53345, Mrs. Cooke seeks a writ of mandate to set aside the portion of the order relating to use of the documents; in Civ. 53246, Mr. Cooke seeks, by petition for a writ of mandate, to set aside the portion of the order refusing to disqualify the attorneys.

Since the issues now before us require prompt decision before trial of the dissolution proceeding can proceed, we issued our alternative writs on the two petitions for mandate. We now decide those two petitions, upholding the order of the trial court with one modification.

## I

Insofar as the allegedly privileged documents are concerned, the order herein attacked: (1) ordered the clerk of respondent court to remove from the files and seal copies of the challenged documents theretofore filed in the action and all depositions and certain other described documents referring thereto; (2) ordered that all copies of the challenged documents in the possession of Mrs. Cooke or her counsel be delivered to counsel for Mr. Cooke; and (3) restrained Mrs. Cooke and her counsel from communication of or otherwise using any of the challenged documents.

In considering the attack on those portions of the order, certain preliminary matters must be noted.

(1) In determining the appropriateness of the trial court's order, we review only the evidence which was actually before the trial court and which formed a basis for its ruling (see *Dow Chemical Co.* v. *Superior Court* (1969) 2 Cal.App.3d 1, 8 [82 Cal.Rptr. 288]; *In re Rapken* (1931) 111 Cal.App. 107 [295 P. 344]) and which has been brought to the attention of this court by either of the parties. We do not have before us certain documents that were before the trial court, including depositions of various parties which the trial court ordered sealed. However, at oral argument, we were assured by counsel for both parties that they had provided this court with sufficient evidence to enable us to review that order. We proceed on that basis.

■ (2) In this writ proceeding, wherein our function is to determine whether the trial court has made an order in excess of its jurisdiction, we take as proven all fact findings of the trial court that are based on any substantial evidence (*Big Bear Mun. Water Dist.* v. *Superior Court* (1969) 269 Cal.App.2d 919, 927 [75 Cal.Rptr. 580]); and a party challenging any finding of fact has the burden of demonstrating that there is no substantial evidence in support of the finding that he attacks. (*Nichols* v. *Mitchell* (1948) 32 Cal.2d 598, 600 [197 P.2d 550].)

■ (3) The order of the trial court ordered the documents in the hands of the clerk to be sealed subject to further order of court. Since our determination, as set forth below, under the applicable rules of review is limited to an examination of the record before the trial court in the hearing that resulted in the order before us, nothing in that order, or in this opinion, limits the power of the trial court, at later stages of the dissolution cases, from unsealing and allowing the use of any of the

documents herein involved if, on a new and different showing, it should then determine that any of them were not privileged and are relevant to an issue in the case.

■  We turn then to the question of whether the trial court acted within its jurisdiction in finding that the eight documents now involved were privileged and confidential. As did the trial court, we must approach that issue without inspection of the documents themselves, under the compulsion of subdivision (a) of section 915 of the Evidence Code. (See *Carlton* v. *Superior Court* (1968) 261 Cal.App.2d 282, 292-293 [67 Cal.Rptr. 568].)

Mrs. Cooke's counsel claimed with respect to the eight documents herein involved: (1) that they were not privileged documents because they were communicated to persons other than Mr. Cooke's counsel in the dissolution case; and (2) that the documents (or at least some of them) evidence a conspiracy to deprive Mrs. Cooke of her fair share of the community property.

In support of the first contention, Mrs. Cooke points to some evidence, contained in depositions of various parties, that copies of the documents may have been sent to Mr. Cooke's son, to an outsider (Jeanne Williams) and to other persons. This contention is without merit. Admittedly, some of the documents were sent to attorneys who represent Mr. Cooke in matters other than the dissolution action. But that does not defeat the privilege. The evidence which the trial court accepted was that all of the alleged recipients were either attorneys who represented Mr. Cooke in some capacity, or were members of his family or business associates who were legitimately kept informed of the progress of a lawsuit that directly involved the business with which they were associated. The law is that privilege extends to communications which are intended to be confidential, if they are made to attorneys, to family members, business associates, or agents of the party or his attorneys on matters of joint concern, when disclosure of the communication is reasonably necessary to further the interests of the litigant. (See §§ 952 and 917 of the Evid. Code and the official comment to those sections; and see Witkin, Cal. Evidence (2d ed. 1966), §§ 807, 810, 811.) We cannot overturn the factual findings of the trial court that the eight documents all fall within that rule.

■  As stated above, Mrs. Cooke seeks to rely on evidence in the record that the documents show the existence of a fraudulent and

criminal conspiracy and therefore were without the privilege. (See Evid. Code, § 956.) ■ Since that section is in the form of an exception to the general privilege, the burden is on Mrs. Cooke to establish the existence of such a conspiracy. (See the comment to § 405 of the Evid. Code and *Romo* v. *Southern Pac. Transportation Co.* (1977) 71 Cal.App.3d 909, 922 [139 Cal.Rptr. 787].) ■ We cannot say that the trial court could not find, from the evidence before it, that the evidence on this issue went no further than to show that Mr. Cooke, understandably anxious to obtain as favorable a property settlement as possible, took steps to organize his business and other records in support of his contention that much of the property involved was his separate property and that he enlisted mutual friends in an effort to persuade Mrs. Cooke to agree to a favorable settlement.

■ However, we conclude that the trial court's order goes beyond what is reasonably necessary to protect Mr. Cooke from potential violations of his privilege. Copies of the eight documents were attached to and discussed in the filed papers that the order directs the clerk of the superior court to seal. Other copies of those documents (including the copies first made by H. G.), are in the hands of Mrs. Cooke's counsel. The order directs those copies to be delivered to counsel for Mr. Cooke. As we have pointed out above, it is possible (albeit improbable) that the trial court may, at some future date in the course of the dissolution proceeding, permit access to and use of some of those documents. Since we deal with copies of documents the originals of which are, and always have been, in the possession of Mr. Cooke or his counsel, those counsel do not need the copies for their own use. If all copies now in the possession of Mrs. Cooke and her counsel are delivered to counsel for Mr. Cooke, who are not by the order directed to retain the copies so delivered to them, it is possible that, if needed in the future, they may have been destroyed or lost. Delivery to the clerk of the superior court, to be kept by him under seal along with the copies previously in the court files, affords to Mr. Cooke ample protection against unauthorized access to, or use of, the copies in question. The trial court's order should be modified accordingly.

## II

■ Mr. Cooke's petition attacks the portion of the order which refused to disqualify Mr. Crowley and his associates from further representation of Mrs. Cooke in the dissolution proceeding. We sustain that portion of the order.

We are cited to the recent decision of the Supreme Court in *Comden* v. *Superior Court* (1978) 20 Cal.3d 906 [145 Cal.Rptr. 9, 576 P.2d 971]. That case sustained an order of a trial court disqualifying a law firm as counsel for a party to a lawsuit on the ground that a member of that firm might become a necessary witness in the litigation. It is nowhere suggested in the cases before us that Mr. Crowley or any of his associates contemplate becoming witnesses in the dissolution proceeding. We can find in *Comden* no justification for the total disqualification of Mrs. Cooke's present counsel.

The issue before us is simply whether exposure of an attorney to confidential and privileged information requires, as a matter of law, the disqualification of that attorney and his associates. We have found no cases, and we are cited to none, that establish so broad a rule. We have examined the cases wherein trial counsel was disqualified because of exposure to confidential or privileged information. In each of those cases, the attorney sought to be disqualified had been in a confidential relationship as an attorney for the party seeking the disqualification or the attorney had been in such a relationship to another attorney with whom the confidential relationship had existed that there existed a rational suspicion that the confidentially acquired information might have been passed along to the trial attorney.[1] The classic cases involve the simple switching of sides, so that an attorney who once represented "A" now seeks to represent "B" in a matter materially related to the original representation. (See, for example: *Earl Scheib, Inc.* v. *Superior Court* (1967) 253 Cal.App.2d 703 [61 Cal.Rptr. 386]; *Wutchumna Water Co.* v. *Bailey* (1932) 216 Cal. 564 [15 P.2d 505]; *Emle Industries, Inc.* v. *Patentex, Inc.* (2d Cir. 1973) 478 F.2d 562.)

In other cases disqualification has been ordered where an attorney had been employed by a corporation, either as house counsel or in some other capacity and, in the course of that employment, had been in a position to obtain confidential data about the operation of the corporation. Later, that attorney is about to represent a party adverse to the corporation— often a stockholder or an officer of the corporation—in a suit against the corporation. Here, again, disqualification occurs because of the possibility that information obtained by the attorney in his earlier professional employment may now be used by him against his former employer-client.

---

[1]See, for example, *W. E. Bassett Company* v. *H. C. Cook Company*, 201 F.Supp. 821, affirmed (2d Cir. 1962) 302 F.2d 268. The rule extending disqualification to all members of a law firm where one member is disqualified was also applied in the *Comden* and *Kurbitz* cases discussed in the text.

(See, for example: *NCK Organization Ltd.* v. *Bregman* 71 F.R.D. 338, affd. in (2d Cir. 1976) 542 F.2d 128; *Handelman* v. *Weiss* (S.D.N.Y. 1973) 368 F.Supp. 258; *Chugach Elec. Ass'n.* v. *United States D. C. for Dist. of Alaska* (9th Cir. 1966) 370 F.2d 441; *Hull* v. *Celanese Corporation* (2d Cir. 1975) 513 F.2d 568.)

All of the cases which we have found reiterate the rule that disqualification is to protect a relationship of confidence and entrustment. For example, in *Richardson* v. *Hamilton International Corporation* (3d Cir. 1972) 469 F.2d 1382, the court said (at p. 1384): "[A] client should be encouraged to reveal to his attorney all possibly pertinent information. . . . A client should not fear that confidences conveyed to his attorney in one action will return to haunt him in a later one." So, also, in *Wutchamna Water Co.* v. *Bailey, supra,* (1932) 216 Cal. 564, our Supreme Court said (at p. 571): " 'The obligation to represent the client with undivided fidelity does not end with the matter in which the lawyer may have been employed. Thenceforth the lawyer must refrain not only from divulging the client's secrets or confidences, but also from acting for others in any matters where such secrets or confidences or knowledge of the client's affairs acquired in the course of the earlier employment can be used to the former client's disadvantage.' "

In other words, it is confidences acquired in the course of an attorney-client relationship which are protected by preventing the recipient of those confidences from representing an adverse party. In *Earl Scheib, Inc.* v. *Superior Court, supra,* the court noted, as an exception to the requirement of disqualification, a situation where the relationship of attorney and client never, in fact, existed between the attorney and the complaining party, citing in that connection, *Hicks* v. *Drew* (1897) 117 Cal. 305 [49 P. 189], and *Meehan* v. *Hopps* (1956) 144 Cal.App.2d 284 [301 P.2d 10].

At oral argument, Mr. Cooke's counsel cited to us *Kurbitz* v. *Kurbitz* (1970) 77 Wn.2d 943 [468 P.2d 673]. However, in that case, an attorney was disqualified from representing a wife in a dissolution proceeding because he had formerly represented the husband in numerous legal matters, including the acquisition of corporations, the probate of the estate of the husband's mother, and a matter that involved the marital community borrowing from the mother's estate. Here, again, it was the acquisition of confidential information in an attorney-client relationship that resulted in the disqualification.

In short, we know of no case where disqualification of an attorney or his firm was imposed purely as a punitive or disciplinary measure, and where there was no prior representation or confidential professional relationship between the complaining party and the attorney or law firm sought to be disqualified.

In the cases now before us, it is nowhere contended that Mr. Crowley or any member of his law firm have ever represented Mr. Cooke or that Mr. Cooke has ever entrusted to them any privileged or confidential information. In fact, it is clear that Mr. Crowley and his law firm have never had any relationship with Mr. Cooke except in a purely adversary status. Accordingly, we conclude that there was no requirement that the trial court disqualify Mrs. Cooke's present attorneys. Our function is to protect Mr. Cooke from improper use of any privileged data and the trial court, as we conclude, has adequately provided that protection by the order which we sustain.

In Civ. No. 53246, the petition for a writ of mandate is denied. In Civ. No. 53345, let a peremptory writ of mandate issue directing the trial court to modify subparagraphs (a) and (b) of paragraph 7 of its order of March 20, 1978, so as to provide that the documents referred to in said subparagraph (a) are to be delivered to the clerk of the superior court to be kept by him under seal until further order of the trial court or of an appellate court. Except as present or future orders of the trial court in the dissolution proceeding may otherwise provide, neither party shall recover costs in this court.

The stay of proceedings, heretofore ordered by this court, shall remain in effect until this opinion shall become final.

Files, P. J., and Jefferson (Bernard), J., concurred.

Petitions for a rehearing were denied August 18 and 22, 1978, and petitioners' applications for a hearing by the Supreme Court were denied October 12, 1978. Mosk, J., did not participate therein. Bird, C. J., was of the opinion that the applications should be granted.