[No. 7620-5-I. Division One. February 4, 1980.]

RICHARD MARQUARDT, *Respondent,* v. HARRY S. FEIN, ET AL, *Appellants.*

652

*J. R. Cissna,* for appellants.

*Daniel Brink* and *Trethewey, Brink, Rossi, Todd & Clayton,* for respondent.

WILLIAMS, J.—On April 13, 1979, the trial court ordered J. R. Cissna and his two cocounsel, Michael Olver and John Fisher, removed as counsel for the class representative of the defendant class. Cissna and his cocounsel appeal; we affirm.

The facts are these: Richard Marquardt, as statutory receiver of Federal Old Line Insurance Company, brought this action to foreclose a mortgage held by the insurance company on 3 acres of commercial property in Federal Way. Some 800 individuals named as defendants were certified as a class and one defendant, Harry Fein, was appointed the class representative. Cissna and two other attorneys were retained as counsel. Marquardt then moved for a determination of the adequacy of the representation of the class by Fein and his counsel.

Following hearings on the motion, the trial court found that Fein adequately represented the class, but concluded Cissna should be removed as counsel on the grounds of conflict of interest and an inability to clearly communicate with the class members. Cissna's cocounsel were also removed because the court believed that they did not have the necessary background to represent the class without the association of more experienced counsel. From this order Cissna and his cocounsel filed a petition for discretionary review which was granted.

The first issue raised by petitioners in their brief is whether the defendants should be certified as a class. This

issue was not included within the grant of the discretionary review and will not be considered.

The second issue raised by petitioners is whether the trial court erred in removing them as counsel for the class. The trial court found:

Michael Olver has been a practicing attorney for approximately three years, and Mr. John Fisher has practiced for less than two years.

Finding of fact No. 9.

Mr. J. R. Cissna participated as President and Chairman of the Board of Federal Old Line Insurance Company and was involved in creating numerous complicated and confusing interlocking corporate relationships, many of which involved real estate promotional activities and have a direct bearing on these proceedings.

Finding of fact No. 10.

Mr. Cissna's participation in this action has been detrimental to the interests of the class because of his tendency to obfuscate the facts and issues of the case and his propensity to submit pleadings which have been, on numerous occasions, all but unintelligible. He has demonstrated poor judgment by submitting tardy documents including voluminous material placed under the door of this court after hours the day before the last hearing on this matter and a letter sent to Judge Quinn marked "personal and confidential" attempting to persuade the court to his point of view which, although courteous and respectful in tone, was inappropriate and contrary to the rules on procedure and conduct.

Finding of fact No. 11.

Mr. Cissna, in addition to his representation of the defendant class herein, also represents the Owners Protective Association, which has members whose interests could be in conflict with the defendant class.

Finding of fact No. 12.

Various members of the defendant class belong to an organization which is known as the Owners Protective Association (OPA), consisting of ex–owners of policies in the plaintiff insurance company, purchasers of interests

in the "NW 20" (Recreplex), owners of interests in Federal Shopping Way (FSW), and owners of interest in the "SW 8."

Finding of fact No. 13.

Not all members of the defendant class own interests in all of the organizations which comprise the OPA.

Finding of fact No. 14.

The OPA, as exemplified by its Owners Reports on file with this Court, treats all of the constituent organizations comprising the OPA as if they shared a complete concert of interest against alleged conspirators who are seeking to destroy the economic viability of their diverse groups without distinguishing that the groups represent interests that have legal conflicts with one another.

Finding of fact No. 15.

The OPA's Owners Reports, in addition to communicating information which infers to the various members that they have concerts of interest, solicit funds from the membership under the pretense of being used, in part, for the financing of litigation in which the litigants all collectively stand to gain.

Finding of fact No. 16.

Various members of the defendant class examined by the court failed to demonstrate that they adequately understood the distinction between the members of the various organizations which form the OPA, nor did they understand the nature of the lawsuit herein, its objectives, or its status.

Finding of fact No. 17.

The OPA's Owners Reports do not adequately communicate sufficient information to the defendant class which informs them that they have interests which are antagonistic to other members of the OPA, nor do the Owners Reports adequately set forth the nature, status or objectives of this proceeding.

Finding of fact No. 18.

Prior to the dissemination of the OPA Owners Reports, Mr. J. R. Cissna reviews the publication and, to some degree, participates in its production.

And the trial court concluded:

The defendant class's current counsel do not adequately represent the interests of the class in accordance with CR 23(a)(4) for the following reasons:

a. Mr. Michael Olver and Mr. John Fisher, although doing a credible job, do not possess experience adequate to provide the representation necessary for the class of defendants in this action.

b. Mr. J. R. Cissna has a legal conflict of interest due to his past participation with Federal Old Line Insurance Company and the "SW 8" real estate development.

c. Mr. J. R. Cissna does not appear to possess sufficient communicative skills to communicate with the court effectively and concisely communicate with the class representative or members of the class.

Conclusion of law No. 3.

As a result of Mr. J. R. Cissna's legal conflict and his past activities as reflected by the affidavits herein, his continued participation in this action as counsel for the defendant class must be prohibited.

Conclusion of law No. 4.

Mr. Michael Olver and Mr. John Fisher, while not possessing experience sufficient to represent the class of defendants on their own, may assist other experienced counsel in the representation of the class, if it is the desire of the class representative.

Conclusion of law No. 6.

█ The findings of fact are supported by substantial evidence and will not be disturbed. The question then is whether the findings support the trial court's conclusions and order.

█ One of the prerequisites to a class action is that the representative will fairly and adequately protect the interests of the class. CR 23(a)(4). An essential concomitant of adequate representation is that the class representative's attorneys be qualified, experienced, and generally able to conduct the litigation. *Eisen v. Carlisle & Jacquelin,* 391 F.2d 555, 562 (2d Cir. 1968); *Northview Constr. Co. v. St. Clair Shores,* 395 Mich. 497, 236 N.W.2d 396, 402 (1974); *Lennon v. First Nat'l Bank,* 21 Ariz. App. 306, 518 P.2d

1230, 1233 (1974). This is particularly so when, as here, all members of the class are bound by the judgment. *Carroll v. American Fed'n of Musicians*, 372 F.2d 155, 162 (2d Cir. 1967). Responsibility for insuring adequate representation must devolve upon the trial court, because it is in a position to make an objective judgment. *National Ass'n of Regional Medical Programs, Inc. v. Mathews*, 551 F.2d 340 (D.C. Cir. 1976). Ultimately, the determination of the adequacy of representation by the class representative's counsel rests in the sound discretion of the trial court.

Cissna was the principal officer of Federal Old Line when the mortgage was made to it and is counsel for some of the insurance company's former policy holders. A conflict of interest is implicit in Cissna's representation of the defendant–mortgagors. The findings of conflict of interest warrant the disqualification of Cissna from further participation in the case under the Code of Professional Responsibility, (CPR) DR 4–101; (CPR) DR 5–105, independent of the requirements of the class action rules. *Kurbitz v. Kurbitz*, 77 Wn.2d 943, 468 P.2d 673 (1970); *Alpha Inv. Co. v. Tacoma*, 13 Wn. App. 532, 536 P.2d 674 (1975). Moreover, an ability to effectively communicate to some 800 defendants the nature and course of the litigation is essential to adequate representation of the class. The trial court did not abuse its discretion in removing Cissna from the case.

The trial court also properly exercised its discretion in removing Cissna's cocounsel. It is apparent that they did lack the necessary experience in view of the complexity of the action. We note that the court did conclude that cocounsel were qualified to assist a more experienced lead counsel.

The judgment is affirmed.

CALLOW, C.J., and ANDERSEN, J., concur.