[No. 8284-1-I.   Division One.   March 9, 1981.]

*In the Matter of the Estate of*
HAROLD RAKESTRAW.

*McIntosh & Feldman* and *Phil McIntosh,* for appellant.

*Rodney G. Pierce,* for respondent.

WILLIAMS, J.—This is a contest over a creditor's claim in the estate of Harold Rakestraw. The testator at the time of his death left surviving him a spouse, Lois Rakestraw, and a daughter, Shirley Arnold. Viola Rakestraw, a former wife and the mother of Shirley Arnold, claims $6,714 from the estate for accrued alimony payments ordered in a modified decree of divorce between her and the decedent. Shirley Arnold was appointed administratrix with the will annexed and in that capacity approved the claim. Upon the motion of Lois Rakestraw to reject the claim, the cause was tried to the court without a jury and resulted in findings of fact, conclusions of law and judgment unfavorable to her. She then prosecuted this appeal.

The first contention is that the attorney who prepared the creditor's claim for Viola Rakestraw should not have been permitted to represent the administratrix c.t.a. in the proceeding because of a conflict of interest. *Kurbitz v. Kurbitz,* 77 Wn.2d 943, 468 P.2d 673 (1970). The administratrix as the personal representative of the decedent was required to allow or reject the claim. RCW 11.40.030(2). In allowing it she took a position consonant with and not adverse to the claimant, therefore, the attorney did not represent conflicting interests. Lois Rakestraw was represented by independent counsel throughout. There was no error.

The second contention is that Viola Rakestraw should not have been permitted to testify concerning non-payment of alimony because of the deadman's statute, RCW 5.60.030, prohibiting testimony by an adverse party

concerning transactions with a decedent. The basic "transaction" was the amended decree of divorce ordering payment of monthly support. As the installments accrued and were unpaid, they became judgments. *Swanson v. Graham,* 27 Wn.2d 590, 179 P.2d 288 (1947). The certified copy of the amended decree was the strongest possible evidence supporting the creditor's claim. Viola Rakestraw's testimony added nothing to the validity of the judgments. Even if it was error, which we do not decide, the error was harmless.

The judgment is affirmed.

CALLOW and ANDERSEN, JJ., concur.