[No. G006287. Fourth Dist., Div. Three. Dec. 13, 1988.]

STATE FARM FIRE AND CASUALTY COMPANY, Petitioner, v. THE SUPERIOR COURT OF ORANGE COUNTY, Respondent; MELVIN G. BLACK et al., Real Parties in Interest.

**COUNSEL**

Parkinson, Wolf, Lazar & Leo, Jane W. Sudhaus and G. Arthur Meneses for Petitioner.

No appearance for Respondent.

Lipsky, Blickenstaff & Fenton and David I. Lipsky for Real Parties in Interest.

**OPINION**

**WALLIN, J.**—The trial court ordered petitioner State Farm Fire and Casualty Company, a defendant in the underlying insurance bad faith action brought by real parties in interest Melvin and Darlene Black, to produce four letters it had exchanged with its retained counsel in connection with the Blacks' claim. State Farm contends the letters are protected from discovery by the attorney-client privilege. We agree and grant peremptory relief.

State Farm issued a standard homeowners' insurance policy to the Blacks. The Blacks filed a claim for policy benefits, contending their residence had sustained physical damage. Although State Farm initially rejected the claim, it later compromised its position and agreed to pay some money if the Blacks would execute an agreement releasing State Farm from all liability.

The Blacks then filed the underlying action for damages for breach of the implied covenant of good faith and fair dealing and breach of the statutory duties prescribed by Insurance Code section 790.03, subdivision (h). They also served State Farm with a request for identification and production of documents. State Farm produced its claims file in response to the request, but withheld documents it claimed were protected by the attorney-client

and work product privileges. It identified four of those documents as letters it had exchanged with attorneys it had employed "to assess legal issues and render legal opinions and advice with respect to [State Farm's] offer to pay [the Blacks'] claim for insurance benefits."

The Blacks moved to compel production of the letters, arguing the attorney-client privilege did not apply because the letters "all followed [State Farm's] acceptance of liability [under the policy]."[1] The trial court accepted this argument and granted the motion. We stayed enforcement of that order pending resolution of this petition, and now grant relief on the merits.[2]

■ State Farm maintains the letters contain substantive communications between attorney and client and that they were written and sent in confidence. The record supports this claim; absent more, the communications would be privileged and protected from disclosure. (Evid. Code, §§ 952, 954. See also *Mitchell* v. *Superior Court* (1984) 37 Cal.3d 591, 599 [208 Cal.Rptr. 886 [691 P.2d 642].)

■ However, the Blacks argue any privilege which might have existed dissolved after State Farm decided to make the compromise payment and that the letters (dated after that decision) are therefore discoverable. They rely on language in *Aetna Casualty & Surety Co.* v. *Superior Court* (1984) 153 Cal.App.3d 467 [200 Cal.Rptr. 471]. Citing its earlier decision in *Houston Gen. Ins. Co.* v. *Superior Court* (1980) 108 Cal.App.3d 958 [166 Cal.Rptr. 904] with approval, the court stated: "*Houston* stands for the proposition that consultations regarding a policy of insurance between an insurance company and its attorney *prior to the time the insurance company has accepted its obligations under that policy* are protected by the attorney-client privilege vis-à-vis the person insured by the policy." (*Aetna Casualty & Surety Co.* v. *Superior Court, supra,* 153 Cal.App.3d at p. 474, original italics.)

The Blacks' reliance on *Aetna* and *Houston* is misplaced. Because insurance companies often adjust claims for reasons entirely unrelated to their merits, State Farm's decision to pay money to the Blacks may not be construed either as an admission of liability or as the substantive equivalent of accepting its obligations under the policy. Furthermore, *Aetna* and *Houston* upheld the privilege on facts similar to those present here.

---

[1] A notation in the claim's file reads: "Called Insd advised SF will pay for loss." The letters are all dated after this entry.

[2] Although State Farm defended the motion in the trial court on both attorney-client and work-product grounds, it only presses the attorney-client issue in this proceeding.

In *Aetna* a homeowner filed a claim for policy benefits after a mudslide destroyed his home. Aetna retained counsel to investigate the coverage issue, and ultimately (with new counsel) filed a declaratory relief action against its insured. The insured cross-complained for bad faith damages and subpoenaed the investigating attorney's files. Aetna moved to quash the subpoena, claiming the requested materials were protected by the attorney-client privilege. The trial court denied the motion, but the Court of Appeal sustained the privilege and granted Aetna's request for extraordinary writ relief. (*Aetna Casualty & Surety Co.* v. *Superior Court, supra,* 153 Cal.App.3d at p. 479.) In doing so, it rejected the insured's argument that, by virtue of Aetna's obligation to deal fairly with him, he was a joint client of the investigating attorney and the privilege did not apply.[3] (153 Cal.App.3d at p. 474.) It relied on *Houston* (in which the insurer had also disclaimed coverage and refused to defend its insured in a personal injury action) to conclude the "joint client" exception to the attorney-client privilege attaches, if at all, only if the insurer has employed an attorney to defend its insured. (*Id.,* at pp. 473-474.)

The rationale for the rule is obvious: "[A]n insurance company should be free to seek legal advice in cases where coverage is unclear without fearing that the communications necessary to obtain that advice will later become available to an insured who is dissatisfied with a decision to deny coverage. A contrary rule would have a chilling effect on an insurance company's decision to seek legal advice regarding close coverage questions, and would disserve the primary purpose of the attorney-client privilege—to facilitate the uninhibited flow of information between a lawyer and client so as to lead to an accurate ascertainment and enforcement of rights." (153 Cal.App.3d at p. 474.) ▮▮▬▬▬ Because State Farm did not employ counsel to defend the Blacks, the joint client exception is unavailable to them and State Farm is entitled to relief.[4]

A formal hearing and further briefing would add nothing to the presentations already made; peremptory relief in the first instance is appropriate.

---

[3] Evidence Code section 962 provides: "Where two or more clients have retained or consulted a lawyer upon a matter of common interest, none of them . . . may claim a privilege under this article as to a communication made in the course of that relationship when such communication is offered in a civil proceeding between one of such clients . . . and another of such clients . . . ."

[4] The Blacks also argue State Farm waived the privilege by sending carbon copies of the letters to a third party. However, the record discloses only one letter contained a "cc" notation and the Blacks failed to show the letter was actually sent. Moreover, State Farm established the third party was its agent. There was consequently no waiver. (See Evid. Code, § 952; *Cooke* v. *Superior Court* (1978) 83 Cal.App.3d 582, 588 [147 Cal.Rptr. 915].) Finally, the in camera hearing the Blacks request would avail them nothing; the letters are privileged from disclosure as a matter of law.

(See *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].) Let a peremptory writ of mandate issue directing the trial court to vacate its order granting the Blacks' motion to compel production of the letters and to enter a new and different order denying the motion. Petitioner shall recover its costs.

Crosby, Acting P. J., and Seymour, J.,* concurred.

---

* Assigned by the Chairperson of the Judicial Council.