[Nos. 13655-8-III; 13953-1-III.   Division Three.   July 13, 1995.]

*In re the Marriage of* IRENE K. DUFFY, *Appellant, and* JAMES O. DUFFY, *Respondent.*

*Stephen K. Eugster*, for appellant.

*Evans, Craven & Lackie* by *James S. Craven* and *Philip J. Vandeveer*, for respondent.

Munson, J. — Irene Duffy appeals the decree of dissolution of her marriage to James Duffy. She contends her motion to vacate should have been granted because both the trial judge and her husband's counsel were disqualified; the award of maintenance was so inadequate as to constitute an abuse of discretion; the court's errors in identifying and characterizing the parties' property resulted in an inequitable property distribution; and she should have been awarded attorney fees. We publish only the portion relating to the contention that the trial judge and husband's counsel should be disqualified.

Ms. Duffy contends the trial judge was disqualified by reason of his prior association with the law firm representing the husband, thereby requiring reversal of the judgment. CJC Canon 3(C)(1). On November 9, 1992, prior to the first hearing relating to temporary maintenance, husband's counsel stated on the record that the trial judge had been a partner in his law firm at a time when the firm represented the Duffys. The judge indicated he did not recall ever hearing of either of the parties but was willing to recuse himself if the parties desired. The judge had practiced in Clarkston, while the law firm's principal office was in Pullman. Ms. Duffy's counsel agreed on the record there was no problem with the judge hearing the matter. Furthermore, at the beginning of the trial the judge gave counsel another opportunity to challenge him and again Ms. Duffy's counsel said there was no problem.

Ms. Duffy contends the judge violated CJC Canon 3(C) in several respects:

(1) Judges should disqualify themselves in a proceeding in which their impartiality might reasonably be questioned, including but not limited to instances where:

(a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(b) the judge served as a lawyer in the matter in controversy or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(c) the judge knows that, individually or as a fiduciary, the judge or the judge's spouse or minor child residing in the judge's household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(d) the judge or the judge's spouse, or a person within the third degree of relationship to either of them, or the spouse of such person:

(i) is a party to the proceeding, or an officer, director, or trustee of a party;

(ii) is acting as a lawyer in the proceeding;

(iii) is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

(iv) is to the judge's knowledge likely to be a material witness in the proceeding. . . .

CJC Canon 3(C)(1)(a) is not applicable; there is no allegation of any bias or prejudice concerning a party or disputed evidentiary facts.

With respect to CJC Canon 3(C)(1)(b), the record discloses that the judge never served as a lawyer in the present dissolution action. The dissolution action did not commence until several years after the trial judge ceased to be associated with husband's counsel. Thus, husband's counsel did not during such association serve as a lawyer concerning the present dissolution action. The record does not suggest the trial judge has access to any confidential information material to the dissolution. *Compare Kurbitz v. Kurbitz*, 77 Wn.2d 943, 947, 468 P.2d 673 (1970) (attorney whose associate represented adverse client disqualified because he had access to confidential information).

As to CJC Canon 3(C)(1)(c) and (d), there is no indication of any financial relationship between the judge and the Duffys involving the matter in controversy or any family relationship whatsoever.

■ A litigant's assertion of the right to disqualify a judge, whether based upon statute or due process considerations, must be timely or the objection is waived. *Brauhn v. Brauhn*, 10 Wn. App. 592, 518 P.2d 1089 (1974). Once a litigant learns of grounds for disqualification of the judge hearing a matter, she must move promptly to object. *Buckley v. Snapper Power Equip. Co.*, 61 Wn. App. 932, 939, 813 P.2d 125, *review denied*, 118 Wn.2d 1002 (1991). "[A] litigant who proceeds to trial knowing of potential bias by the trial court waives his objection and cannot challenge the court's qualifications on appeal". *In re Welfare of Carpenter*, 21 Wn. App. 814, 820, 587 P.2d 588 (1978). The

judge's former association with husband's counsel's law firm, the basis for disqualifying him, was disclosed on the record prior to the court's first discretionary ruling and again immediately before trial. Ms. Duffy, through counsel and in her presence, affirmatively waived her objection. Her postjudgment motion to vacate was properly denied.

Ms. Duffy now contends the husband's former counsel is disqualified by reason of his firm's prior representation of both parties in other matters. The attorney in question has withdrawn from the case during the course of this appeal. Ms. Duffy does not present any authority supporting reversal of the judgment based on postjudgment allegations of attorney conflict. In any event, prior to trial, Ms. Duffy signed a document entitled "Consent to Representation and Waiver of Conflict", which indicates a voluntary and informed waiver of any objection she might have had.

Ms. Duffy claims the trial court abused its discretion in denying her request for attorney fees. An award of fees is in the trial court's discretion, considering the need and ability to pay of the respective parties. *See In re Marriage of Nicholson*, 17 Wn. App. 110, 120, 561 P.2d 1116 (1977). In light of the substantial property awarded to Ms. Duffy, she has not demonstrated such need as to establish an abuse of discretion.

The husband also seeks an award of attorney fees for responding to the disqualification issues which he alleges were frivolous. The appeal was not frivolous; the request is denied.

Pursuant to RCW 2.06.040, the remaining contentions and the court's answers to those contentions, having no precedential value, will not be published.

THOMPSON, C.J., and SWEENEY, J., concur.

Review denied at 128 Wn.2d 1017 (1996).