628 P.2d 984

W. Richard HAHMAN, Sr., Petitioner/Appellee,

v.

Martha McMillan HAHMAN, Respondent/Appellant.

No. 2 CA–CIV 3813.

Court of Appeals of Arizona, Division 2.

May 12, 1981.

Jack J. Rappeport, Tucson, for petitioner/appellee.

Wilson & Price by Carol Wilson, Tucson, for respondent/appellant.

## OPINION

HATHAWAY, Chief Judge.

This appeal is from the decree of dissolution of marriage of the parties entered on July 21, 1980, in Pima County. Only the award of custody is challenged.

Martha and Richard Hahman were married on December 22, 1968. The parties have two children: Ricky, born April 15, 1971, and Cessa, born February 13, 1974. The parties were separated in the winter of 1979. Richard filed for dissolution of the marriage and both parents sought custody of the children. Each believed that he or she was the better parent. Two lay witnesses who were called testified that both parties were good parents, while another lay witness testified that Martha was a good parent. Three experts trained in the family mental health field testified. One doctor, called by Richard, said that both were good parents. Dr. Mary Beavers, also called by Richard, testified that he was a good parent but that she was concerned about Martha because of her "extremely negative attitude" towards Richard. Martha's expert recommended that she be given custody and that visitation be deferred pending the children's adjustment to the situation.

Two questions are presented for our consideration: (1) Did the trial court abuse its discretion in awarding custody to the father? (2) Did the trial court err in admitting testimony of Dr. Beavers as to matters learned from Martha during the course of psychological counseling sessions with Martha. We answer both questions in the negative and address the second first.

The rule of privilege between psychologist and patient in effect at the time the communications were made and at the time of trial was stated in A.R.S. Sec. 32–2085, which provided:

> "The confidential relations and communications between a clinical or counseling psychologist registered under this chapter and his client are placed on the same basis as those provided by law between attorney and client."

The witness, Dr. Beavers, holds a Ph.D. in clinical psychology, is certified in Arizona and comes within the privilege. Since the communications are on the same basis as those between an attorney and client, we find the general rule stated in 81 Am. Jur.2d, Witnesses, Sec. 190 (1976):

> "When two or more persons employ or consult the same attorney in the same matter, communications made by them in relation thereto are not privileged inter sese. By selecting the same attorney, each party waives his right to place those communications under the shield of professional confidence. Either party may introduce testimony concerning the same as against the other, ... The reason assigned for the rule is that, as between the clients, communications made for the

mutual benefit of all lack the element of confidentiality which is the basis of privileged communications. Ordinarily, the attorney for both parties is not the depositary of confidential communications from either party which ought to be withheld from the other. And this is usually the case even though the parties have adverse interests. Thus, if two or more persons consult an attorney at law for their mutual benefit, and make statements in his presence, he may disclose those statements in any controversy between them ..."

However, it is pointed out that this general rule is of particular weight as to communications made while all clients are present:

"... [S]ometimes communications made to a common attorney are not intended to be disclosed to the adverse party, and are accordingly held to be privileged. Thus, it has been held that where a person went to his regularly retained attorney, who was also the attorney for the other party to a controversy, and in the absence of the other party made statements which were apparently confidential, the attorney should not be permitted to disclose that communication in an action between the parties." Id.

■ In the instant situation, it would appear that both parties communicated with the psychologist for the benefit of the family unit, and in particular, for the welfare of the children. Although the analogy between an attorney/client relationship and a psychologist/client relationship does not always seem to parallel, we will adhere to that standard as prescribed in the statute. Doing so, we find guidance from *Nichols v. Elkins*, 2 Ariz.App. 272, 277, 408 P.2d 34, 39 (1965), where we stated:

"... [W]hen two or more clients employ the same attorney in the same business, communications made by them in relation to such business are not privileged inter sese nor are they privileged as between any one of the parties and the attorney. (citation omitted) The communications are privileged solely as to strangers, but as between themselves either client can compel the lawyer to testify against the other as to their negotiations."

Thus, aside from whether Martha waived the privilege through her examination of the psychologist, or through her own testimony, it would appear that in the context of the relationship of the parties to the psychologist, Richard was privileged to call on the psychologist for testimony and to waive the parties' privilege.

■ Regarding the first question presented for our consideration, we will not interfere with the trial court's resolution of conflicts in the evidence so long as there is reasonable evidence to support the trial court's order. *Smith v. Smith*, 117 Ariz. 249, 571 P.2d 1045 (App.1977); *Chadwick v. Winn*, 101 Ariz. 533, 421 P.2d 890 (1966). The evidence is abundant that both parties were fit to have custody. The testimony of Dr. Beavers strongly supports the award of custody.

Affirmed.

HOWARD and BIRDSALL, JJ., concur.