932 So.2d 1159 (2006)
Manuel A. SEGARRA, III, Petitioner,
v.
Esperanza SEGARRA, Respondent.
No. 3D05-2862.
District Court of Appeal of Florida, Third District.
June 28, 2006.
*1160 Manuel A. Segarra, III, in proper person.
Esperanza Segarra, in proper person.
Before GERSTEN, SUAREZ, and ROTHENBERG, JJ.
GERSTEN, Judge.
Manuel A. Segarra, III (the father), filed a petition for writ of certiorari seeking to quash the trial courts discovery order. We grant the writ of certiorari and quash the trial courts discovery order allowing production of privileged communications.
The father asserts that the trial court departed from the essential requirements of the law, by ordering production of privileged joint counseling records. Esperanza Segarra, (the mother), contends that the trial courts decision was proper because the psychotherapist-patient privilege does not apply to communications in joint counseling sessions. Based on the facts of this case, we agree with the father that the communications and records from the joint sessions are privileged.
A petition for writ of certiorari is the appropriate method to review a discovery order when the order departs from the essential requirements of the law, causes material injury throughout the remainder of the proceedings below, and effectively leaves no adequate remedy on appeal. See Nussbaumer v. State, 882 So.2d 1067, 1071 (Fla. 2d DCA 2004). The entry of an order compelling the disclosure of communications protected by a legal privilege is a departure from the essential requirements of the law. See Nussbaumer, 882 So.2d at 1072.
Florida law recognizes several privileges including: attorney-client privilege, psychotherapist-patient privilege, husband-wife privilege, priest-penitent privilege, and accountant-client privilege. See §§ 90.502, 90.503, 90.504, 90.505, 90.5055, Fla. Stat. (2004). The patient, client, or penitent holds the privilege. The purpose of these privileges is to protect confidential communications between the parties and to encourage people seeking treatment or advice to speak freely on all matters. However, the parties may waive the privileges. See McKinlay v. McKinlay, 648 So.2d 806 (Fla. 1st DCA 1995).
There is no Florida case law that directly addresses whether the psychotherapist-patient privilege is waived in joint counseling sessions. The mother suggests we follow case law from other jurisdictions. See Redding v. Virginia Mason Med. Ctr., 75 Wash.App. 424, 878 P.2d 483 (1994); Hahman v. Hahman, 129 Ariz. 101, 628 P.2d 984 (1981). However, we are not persuaded and decline to follow Redding or Hahman.
In Redding and Hahman, the courts analogized the attorney-client privilege to the psychotherapist-patient privilege. The courts held that in litigation between joint patients, the psychotherapist-patient privilege does not protect statements made by one of the joint patients to the counselor during the joint counseling sessions. See Redding, 878 P.2d at 485; Hahman, 628 P.2d at 986.
In Washington and Arizona, the psychotherapist-patient privilege explicitly requires *1161 confidential communications between a client and psychologist remain privileged against compulsory disclosure to the same extent and subject to the same conditions as confidential communications between an attorney and a client. See Redding, 878 P.2d at 485; Hahman, 628 P.2d at 985. Therefore, the courts properly extended the concept of waiver in joint attorney-client sessions to waiver in joint psychotherapist-patient sessions.
However, in Florida, the psychotherapist-patient privilege does not include language that the privilege should be subject to the same conditions as the attorney-client privilege or any other statutory privilege. Section 90.503, Florida Statutes (2004), provides that a patient has a privilege to refuse to disclose, and to prevent any other person from disclosing confidential communications or records made for the purpose of diagnosis or treatment of the patients mental or emotional condition. See § 90.503(2), Fla. Stat. (2004). Thus, we are not required to analogize the psychotherapist-patient privilege to the confidential communications between an attorney and a client.
We must be cognizant of the reason for the patient-psychotherapist privilege and respect the parties privacy expectations when they reveal confidential information. The psychotherapist-patient privilege enables a person suffering from mental, emotional, or behavioral disorders to seek services and treatment without being needlessly exposed to public scrutiny. See Cedars Healthcare Group, Ltd. v. Freeman, 829 So.2d 390 (Fla. 3d DCA 2002).
Here, the father and mother attended joint counseling sessions to improve their relationship and ultimately, to save their marriage. Typically, the goals of marriage counseling are to strengthen communication, to develop problem-solving skills, and to learn how to resolve conflicts. The parties are encouraged to reveal matters of the utmost private nature, by opening their souls to the therapist, in order to assure that they will receive a proper diagnosis and treatment. See Cantor v. Toyota Motor Sales, USA, Inc., 546 So.2d 766 (Fla. 5th DCA 1989). Therefore, it is clear that the father and mother had an expectation that any communications they made to the counselor would remain confidential, regardless of whether the therapy was an individual or joint session.
However, the privilege is not absolute because a party can waive the privilege at any time. A person having the psychotherapist-patient privilege against disclosure of a confidential matter or communication waives the privilege if the person. . . voluntarily discloses or makes the communication when he or she does not have a reasonable expectation of privacy, or consents to disclosure of any significant part of the matter or communication. See § 90.507, Fla. Stat. (2004).
Here, the father did not voluntarily disclose confidential information to another party. He had a reasonable expectation of privacy in the joint session, and he did not consent to disclosure of any part of the communication. However, had the court ordered the counseling sessions, then there would have been no reasonable expectation of confidentiality. See § 90.503(4)(b), Fla. Stat. (2004). Here, the court did not order the sessions. Therefore, we find that the father did not waive his psychotherapist-patient privilege when he attended joint counseling sessions with the mother.
Accordingly, we grant the petition for writ of certiorari and quash the trial courts discovery order, which compels discovery of privileged communications.
Petition granted and order quashed.