[No. C057578. Third Dist. June 11, 2009.]

CALIFORNIA OAK FOUNDATION, Plaintiff and Appellant, v.
COUNTY OF TEHAMA et al., Defendants and Respondents;
DEL WEBB CALIFORNIA CORP. et al., Real Parties in Interest and
Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 8.1110 and 8.1105(b), this opinion is certified for publication with the exception of the Factual and Procedural Background, and parts I. and II. of the Discussion.

## COUNSEL

Lippe Gaffney Wagner, Thomas N. Lippe, Jennifer L. Naegele and John H. Curran for Plaintiff and Appellant.

William James Murphy, County Counsel, and Arthur J. Wylene, Assistant County Counsel, for Defendants and Respondents.

Stowell, Zeilenga, Ruth, Vaughn & Treiger, Richard S. Zeilenga, James D. Vaughn; Law Offices of Steven G. Cohen and Steven G. Cohen for Real Parties in Interest and Respondents.

## OPINION

**BUTZ, J.**—California Oak Foundation (COF), a nonprofit corporation, appeals after the denial of its petition for a writ of administrative mandamus to

overturn approval of a project and associated environmental impact report (EIR) by respondents County of Tehama (the County) and the Tehama County Board of Supervisors (the Board; collectively, Tehama).[1] The project approved is a "specific plan" (Gov. Code, § 65450 et seq.) for residential and commercial development on a parcel of approximately 3,320 acres adjacent to Interstate Highway 5 between Red Bluff and Redding—namely, the Sun City Tehama Specific Plan.

COF contends that Tehama erred by incorrectly applying California Environmental Quality Act (CEQA) (Pub. Resources Code, § 21050 et seq.)[2] requirements for mitigation of significant effects on the environment and that the trial court erred in denying COF's motion to include in the administrative record documents the County claims are subject to attorney-client privilege. In the published portion of this opinion we reject the contention of error in upholding the claim of privilege. In the unpublished portion, finding partial merit as to an issue of mitigation of one impact, we shall reverse the judgment as to that issue, with directions to remand the case to Tehama for limited further consideration under Code of Civil Procedure section 1094.5, subdivision (e).[3]

## FACTUAL AND PROCEDURAL BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

## I., II.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## III. Four Documents Excluded from the Administrative Record

On May 17, 2007, COF moved in the trial court for an order compelling Tehama to include four documents, as to which Tehama claimed attorney-client privilege and work product privilege, in the administrative record. The

---

[1] Real parties in interest Del Webb California Corp., Pulte Home Corporation, Nine Mile Hill Investment Company, Inc., and Noby Venture, LLC, join in Tehama's response.

[2] Undesignated statutory references are to the Public Resources Code.

[3] Code of Civil Procedure section 1094.5, subdivision (e) provides, in pertinent part: "Where the court finds that there is relevant evidence . . . that was improperly excluded at the hearing before respondent, it may enter judgment as provided in subdivision (f) remanding the case to be reconsidered in the light of that evidence . . . ."

*See footnote, *ante*, page 1217.

documents were sent to Tehama by an outside law firm retained to provide advice on CEQA compliance issues. COF argued that (1) under CEQA, section 21167.6[17] overrides such a claim of privilege; and (2) disclosure of the documents to counsel for the developer was a waiver of the privilege. Tehama denied that section 21167.6 abrogates claims of privilege and argued that the disclosure was not a waiver under the exception for confidential disclosure reasonably necessary to accomplish the purposes for which counsel was consulted. The trial court denied COF's motion.

■    COF contends the trial court erred in denying its motion to include the four letters from outside counsel in the administrative record. COF makes two arguments: (1) section 21167.6, subdivision (e)[18] abrogates privilege; and (2) privilege was waived when the letters were shared with counsel for real parties in interest. Tehama and the real parties in interest deny that section 21167.6 abrogates privilege; they argue that there is no implied repeal of the privilege statutes. As to waiver, they argue this disclosure comes within the common interest exception. The contention of error is not meritorious.

■    Section 21167.6 is not an abrogation of the attorney-client privilege or work product privilege.    ■    A new statute is not construed as an "implied repeal" unless it is clear that the later enactment is intended to supersede the existing law. This requires a compelling showing of unavoidable conflict with the earlier law. (See, e.g., *Roberts v. City of Palmdale* (1993) 5 Cal.4th 363, 378–379 [20 Cal.Rptr.2d 330, 853 P.2d 496] [the California Public Records Act (Gov. Code, § 6251 et seq.) does not "by implication" abrogate the attorney-client privilege as to the transmission of a written legal opinion from counsel to the local entity]; *California Correctional Peace Officers Assn. v. Department of Corrections* (1999) 72 Cal.App.4th 1331, 1339 [85 Cal.Rptr.2d 797].) There is no such showing here.    ■    Privilege is a general background limitation to disclosure requirements. Thus, enactment of a specific disclosure requirement that makes no mention of privilege, without more, is at best, ambiguous concerning intent to override privilege. Ambiguity does not present an unavoidable conflict with the preexisting privilege law.

---

[17] Section 21167.6 provides, in pertinent part: "(e) The record of proceedings shall include, but is not limited to, all of the following items: [¶] . . . [¶] (7) All written evidence or correspondence submitted to, or transferred from, the respondent public agency with respect to compliance with this division or with respect to the project. [¶] . . . [¶] (10) Any other written materials relevant to the respondent public agency's compliance with this division or to its decision on the merits of the project, including the initial study, any drafts of any environmental document, or portions thereof, that have been released for public review, and copies of studies or other documents relied upon in any environmental document prepared for the project and either made available to the public during the public review period or included in the respondent public agency's files on the project, and all internal agency communications, including staff notes and memoranda related to the project or to compliance with this division."

[18] See footnote 17, *ante*, page 1221.

COF's remaining claim is that the communication by Tehama to the real parties in interest was a waiver of privilege. Both COF and Tehama and real parties in interest ground their arguments on the leading case, *OXY Resources California LLC v. Superior Court* (2004) 115 Cal.App.4th 874 [9 Cal.Rptr.3d 621] (*OXY Resources*).

■ The court in *OXY Resources* explained that "the common interest doctrine is more appropriately characterized under California law as a nonwaiver doctrine, analyzed under standard waiver principles applicable to the attorney-client privilege and the work product doctrine." (*OXY Resources, supra*, 115 Cal.App.4th at p. 889.) As to attorney-client privilege: "Evidence Code section 912, provides: 'A disclosure in confidence of a communication that is protected by a privilege provided by [Evidence Code] Section 954 (lawyer-client privilege) . . . , when disclosure is reasonably necessary for the accomplishment of the purpose for which the lawyer . . . was consulted, is not a waiver of the privilege.' (Evid. Code, § 912, subd. (d).) Thus, for example, the 'privilege extends to communications which are intended to be confidential, if they are made to attorneys, to family members, business associates, or agents of the party or his attorneys on matters of joint concern, when disclosure of the communication is reasonably necessary to further the interest of the litigant.' (*Insurance Co. of North America v. Superior Court* (1980) 108 Cal.App.3d 758, 767 [166 Cal.Rptr. 880], quoting *Cooke v. Superior Court* (1978) 83 Cal.App.3d 582, 588 [147 Cal.Rptr. 915].) 'While involvement of an *unnecessary* third person in attorney-client communications destroys confidentiality, involvement of third persons to whom disclosure is reasonably necessary to further the purpose of the legal consultation preserves confidentiality of communication.' (*Insurance Co. of North America v. Superior Court, supra*, 108 Cal.App.3d at p. 765.)" (*OXY Resources*, at p. 890, fn. omitted.)

COF argues that Tehama's communication to real parties in interest was not reasonably necessary for the accomplishment of the purpose for which Tehama took advice from the outside counsel. To wit: "[T]his purpose—to achieve compliance with CEQA—differed from Real Parties' purpose, which was to defend their permits against a CEQA [lawsuit]." COF takes too crabbed a view of Tehama's purpose in considering the advice of the outside counsel.

■ The purpose of achieving compliance with the CEQA law, reasonably viewed, entails a further purpose. It includes producing an EIR that will withstand a legal challenge for noncompliance. Thus, disclosing the advice to a codefendant in the subsequent joint endeavor to defend the EIR in litigation can reasonably be said to constitute " 'involvement of third persons to whom disclosure is reasonably necessary to further

the purpose of the [original] legal consultation.' " (*OXY Resources, supra*, 115 Cal.App.4th at p. 890; *id.* at pp. 893, 899 [joint defense agreement in issue endeavored to protect prelitigation communications].)

## DISPOSITION

The judgment is reversed with directions that the superior court enter judgment commanding respondents County of Tehama and Tehama County Board of Supervisors to set aside the decisions in issue and to reconsider the case in the light of this court's opinion and judgment.[19] The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

Sims, Acting P. J., and Hull, J., concurred.

A petition for a rehearing was denied July 6, 2009, and appellant's petition for review by the Supreme Court was denied September 30, 2009, S174806.

---

[19] In light of this disposition, the issues raised concerning the earlier award of costs under the judgment are moot.