PER CURIAM.
Carol M. Witte (the wife), the petitioner in a dissolution of marriage proceeding pending below, seeks certiorari review of a non-final order in which the trial court determined that she had waived the attorney-client privilege as to communications with her attorney by having an estimated sixty to sixty-five percent of her communications with counsel in the presence of her daughter, and some in the presence of her son-in-law. We grant the petition.
While being deposed by the husband, Robert D. Witte, the wife and her attorney refused to answer certain questions, including questions as to how certain documents were obtained for the litigation, relying on the attorney-client privilege. At a non-evidentiary hearing on the husband’s motion to compel, counsel for the husband argued that the wife’s attorney-client privilege had been waived because much of her communications with counsel took place in the presence of unrepresented third parties: the parties’ daughter and, at times, their son-in-law.
At the hearing, the wife’s counsel relied on section 90.502, Florida Statutes (2011). Subsection 90.502(2) provides that “[a] client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client.” As to whether a communication is confidential, the statute provides as follows:
(c) A communication between lawyer and client is “confidential” if it is not intended to be disclosed to third persons other than:
1. Those to whom disclosure is in furtherance of the rendition of legal services to the client.
2. Those reasonably nécessary for the transmission of the communication.
§ 90.502(l)(c), Fla. Stat. (2011).
The wife argued that her communications with counsel should remain protected because disclosure to third parties — here, her daughter and son-in-law — was reasonably necessary for the transmission of the communication, citing Gerheiser v. Stephens, 712 So.2d 1252, 1254 (Fla. 4th DCA 1998) (holding co-defendant’s mother’s conversation with an attorney whom she considered retaining for her incarcerated son, who had asked her to find him an attorney, was protected by attorney-client privilege; mother was acting as agent for son, and thus was reasonably necessary for transmission of communication). Though the wife in this case was not in jail, the facts were not so very different; her deposition transcript showed that the seventy-four-year-old wife suffered from a number of ailments, including short-term memory loss, glaucoma, and deafness. Furthermore, because she had been living in Israel since 1994, her financial documents were written in Hebrew, a language the wife could neither read nor speak; she had relied on her daughter and son-in-law to gather the documents for her. The wife’s conditions made it difficult for counsel to communicate with the wife, who frequently asked her daughter to repeat to her what counsel had said.
According to the wife’s counsel, the wife had a mind of her own, but she had limitations; for that reason, she required assistance, and the statute allows a disclosure to remain confidential, if the third party’s assistance is in furtherance of the rendition of legal services to the client, necessary for the transmission of communication, which was the case.
The trial court concluded that the privilege had been waived. Its order provides in pertinent part as follows:
*1078 The Court finds that there has been a voluntary waiver of the attorney-client privilege by the Wife. It is uncontested that 60-65 percent of her communications with her counsel occurred in the presence of the Wife’s daughter and some communications occurred in the presence of the Wife’s son-in-law. The waiver is not within the parameters of any exceptions to the attorney-client privilege which would make the communications with her counsel confidential.
As there are not many Florida appellate court opinions construing section 90.502(l)(c), the wife relies on a number of out-of-state decisions; her closest case , is Stroh v. General Motors Corp., 213 A.D.2d 267, 623 N.Y.S.2d 873, 874 (N.Y.App.Div. 1st Dept.1995) (reversing order compelling driver to answer deposition questions about her conversations with her attorney, holding attorney-client privilege applied even though conversations took place in presence of driver’s daughter; seventy-six-year-old driver had to recall traumatic experience; her daughter selected the law firm, transported her there, and put her sufficiently at ease to communicate with counsel, therefore she served as agent of the client to facilitate the communication). See also Cal. Oak Found. v. Cnty. of Tehama, 174 Cal.App.4th 1217, 94 Cal.Rptr.3d 902, 905 (2009) (finding not meritorious appellant’s claim of error in trial court’s denial of appellant’s motion to include in the record four letters from county’s outside law firm, rejecting appellant’s argument that the county’s sending the documents to counsel representing the real parties in interest abrogated attorney-client privilege; disclosure does not waive the privilege when it is necessary to accomplish the purpose for which the lawyer was consulted or reasonably necessary to further the interest of the litigant); State v. Sucharew, 205 Ariz. 16, 66 P.3d 59, 64-65 (2003) (affirming conviction, inter alia holding that attorney-client privilege applied to minor witness’s conferences with counsel in which his parents were present, where parents had hired counsel on their son’s behalf and had a parental interest and advisory role in their son’s legal affairs; general rule that presence of third party waives attorney-client privilege does not apply where the third party’s presence does not indicate lack of intent to keep the communication confidential).
Such decisions suggest that the presence of a close family member does not, in and of itself, waive the attorney-client privilege.
In opposition to the wife’s petition, the husband argues that the trial court made a factual determination that neither exception to the waiver of section 90.502(l)(c) applied, based on other hearings, on other issues, that already had taken place in the course of the proceeding; it did not make a legal ruling that the communications were not privileged merely because of the daughter and son-in-law’s presence for a substantial percentage of the communications.
However, as the wife maintains in her reply, no evidence was presented at the hearing on this issue, which was resolved based only on legal arguments.
The disputed factual issue of whether the wife waived the privilege cannot be determined as a matter of law based on the percentage of time a third party was present. We grant the petition to the extent of remanding the case to the trial court to make a factual determination, after the presentation of evidence, as to whether the wife’s communications with counsel in the presence of her daughter and son-in-law were intended to remain confidential as to other third parties, and whether the disclosure to the daughter and son-in-law, within the factual circum *1079 stances presented by this case, was reasonably necessary for the transmission of the communications.

Petition Granted.

WARNER, POLEN and STEVENSON, JJ., concur.