MAY, J.
The petitioner seeks a writ of certiorari. At issue is a claim of attorney-client privilege to a request for production of documents. The petitioner argues the trial court departed from the essential requirements of the law resulting in irreparable injury by ordering production of documents, which it claims are attorney-client privileged, without conducting an in camera inspection. We agree and grant the petition.
The discovery dispute arose in complex commercial litigation over a franchise agreement. The petitioner asserted an attorney-client privilege to certain documents and prepared a privilege log. The respondents argued that any privilege had been waived because the documents were either copied or addressed to third parties.
The petitioner requested an in camera inspection before ordering production. Despite acknowledging that there could be some privileged materials, the trial court ordered production of the material listed in the privilege log without conducting an in camera inspection.[1]
“The burden of establishing the attorney-client privilege rests on the party claiming it.” S. Bell Tel. & Tel. Co. v. Deason, 632 So.2d 1377, 1383 (Fla.1994). The party claiming the privilege also bears the burden of showing that disclosure to a third party did not waive the privilege. See Black v. State, 920 So.2d 668, 671 (Fla. 5th DCA 2006).
A communication between lawyer and client is “confidential” if it is not intended to be disclosed to third persons other than:
1. Those to whom disclosure is in furtherance of the rendition of legal services to the client.
2. Those reasonably necessary for the transmission of the communication.
§§ 90.502(l)(c)12, Fla. Stat. (2012).
The petitioner does not dispute the legal standard regarding attorney-client communication revealed to third parties. It simply argues that the trial court should conduct an in camera inspection before compelling production of documents to which the alleged privileged is asserted. The respondents argue that any privilege was waived by disclosure to third parties.
The court in Southern Bell adopted the subject-matter test to determine whether corporate communications are privileged:
We believe that the subject-matter test adds a condition to the corporate privilege that more completely addresses one of the perplexing problems presented in the instant case: the issue of whether the communications made to Southern Bell were made in the course of seeking legal services. Because the nature of the corporation differs significantly from the individual person, the attorney-client privilege will also differ in its application to the corporation and to the natural person. First, a corporation can only act through its agents, whereas a natural person can seek legal advice and then directly act (or not act) upon that advice. Second, a corporation relies on its attorney for business advice more than the natural person. *327 Thus, it is likely that the “zone of silence” will be enlarged by virtue of the corporation’s continual contact with its legal counsel.
S. Bell, 632 So.2d at 1383 (emphasis added) (citing Radiant Burners, Inc. v. Am. Gas Ass’n, 207 F.Supp. 771, 774 (N.D.Ill.1962)).
Here, the petitioner submitted a privilege log and an explanation of why others were involved in the communications. The petitioner asserted the attorney-client privilege because the communications were in furtherance of seeking legal advice. That is sufficient to warrant an in camera inspection in this case. This is especially true where the trial court acknowledged that it may have missed some privileged materials.
We grant the petition and remand the case to the trial court to conduct an in camera inspection. Upon remand, the trial court should consider whether:
(1) the communication would not have been made but for the contemplation of legal services;
(2) the employee making the communication did so at the direction of his or her corporate superior;
(3) the superior made the request of the employee as part of the corporation’s effort to secure legal advice or services;
(4) the content of the communication relates to the legal services being rendered, and the subject matter of the communication is within the scope of the employee’s duties;
(5) the communication is not disseminated beyond those persons who, because of the corporate structure, need to know its contents.

Id.

CIKLIN and CONNER, JJ„ concur.

. The petitioner originally asserted the privilege to most of the requested documents, but then produced many of them. The trial court gave the petitioner two opportunities to support its claim of attorney-client privilege before it entered the order that is now the subject of this petition. The court agreed, however, that communications strictly between the client and the attorney could be extracted from the production.