DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**STATE OF FLORIDA,**
Appellant,

v.

**AVERY TOPPS,**
Appellee.

No. 4D13-3256

[July 30, 2014]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael Rothschild, Judge; L.T. Case No. 08-15331CF10A.

Pamela Jo Bondi, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and Nan Ellen Foley, Assistant Public Defender, West Palm Beach, for appellee.

KLINGENSMITH, J.

The State appeals an order excluding Defendant's statement to a doctor in a hospital emergency room from being introduced at trial. The statement was made to the doctor during an examination while a law enforcement officer was present in the room. The facts herein present an issue of first impression in Florida: may a law enforcement officer testify about a conversation overheard between an arrestee he is guarding and the psychotherapist treating that person? We find that the officer's presence at Defendant's emergency psychiatric evaluation did not compromise the confidentiality of any psychotherapist-patient communications, and did not waive the privilege attached to those statements made during the course of the examination. For the reasons set forth below, we affirm the trial court's order.

Avery Topps ("Defendant"), was charged with felony cruelty to animals for stabbing a dog to death. After Defendant allegedly stabbed the dog, he attempted to admit himself into the hospital. A sheriff's deputy responded to the hospital in order to arrest Defendant and take him into custody.

While at the hospital, Defendant was examined by an emergency room doctor acting in the capacity of a psychotherapist in preparation for either a psychiatric commitment of Defendant or for providing him medical clearance prior to incarceration. The deputy remained present in the room while Defendant was being examined because there was a need to provide safety for the medical staff while Defendant was in custody. A customary part of the evaluation requires the physician to ask a patient what brought them to the hospital. It was in response to this question that Defendant told the physician he stabbed his dog.

Prior to trial, Defendant moved to exclude his statement from being used as evidence, and the court conducted an evidentiary hearing on the issue. Defendant argued, among other things, that the statement was privileged because it was made while Defendant was seeking psychiatric care. The State, however, argued that Defendant waived any psychotherapist-patient privilege when his statement was uttered in the presence of a third party, the deputy.

The trial court found that the deputy was present during the examination not only to maintain custody of Defendant, but to ensure that he was receiving the required medical attention, and to guarantee the safety of the medical personnel. Because Defendant himself sought the examination, the deputy's presence furthered the interests of the patient by allowing the examination to take place even though he was in custody as an arrestee. The court also found that the statement made by Defendant to the psychotherapist was a confidential communication within the definition of section 90.503 of the Florida Statutes, and that the statement was not intended to be disclosed to anyone beyond the doctor or the deputy, whose presence helped facilitate the examination. After the hearing, the trial court granted Defendant's motion to exclude the statement, finding it was privileged under section 90.503, not waived by the deputy's presence, and not the product of a custodial interrogation. This appeal followed.[1]

---

[1] Florida Rule of Appellate Procedure 9.140(c)(1)(B) permits a State appeal from an order "suppressing before trial confessions, admissions, or evidence obtained by search and seizure." In this case, the State has challenged an evidentiary ruling after Defendant moved to suppress the statement as privileged under section 90.503, Florida Statutes. Although this was not a "suppression order" for consideration under the law regarding searches and seizures, rule 9.140(c)(1)(B) has been broadly interpreted as authorizing a State appeal from a pretrial order "excluding" an admission under the evidence code. *See State v. Brea*, 530 So. 2d 924 (Fla. 1988) (State appeal from a pretrial order excluding a co-conspirator statement was authorized because it was a type of "admission"); *State v. Gad*, 27 So. 3d 768 (Fla. 2d DCA 2010) (State appeal from an order excluding the defendant's apology as irrelevant and unduly prejudicial was authorized).

2

Although the general rule is that testimony of a third party who overhears a confidential communication is admissible, *Proffitt v. State*, 315 So. 2d 461, 464 (Fla. 1975), the presence of a third party witness to a statement made by a patient to a psychotherapist does not automatically waive the privilege. In fact, the plain wording of the statute clearly anticipates that the presence of third parties may be necessary to effectuate communication in the context of a therapeutic encounter, or to otherwise further the patient's interests.[2] Section 90.503(1)(c)1.-3., Florida Statutes (2012), provides:

> (1)(c) A communication between psychotherapist and patient is "confidential" if it is not intended to be disclosed to third persons other than:
> 1. *Those persons present to further the interest of the patient in the consultation, examination, or interview.*
> 2. *Those persons necessary for the transmission of the communication.*
> 3. Those persons who are participating in the diagnosis and treatment under the direction of the psychotherapist.

(Emphasis added). Subsection one of the comments to section 90.503 states:

> A communication is "confidential" if made in the interest of treatment by the psychotherapist and not intended for general dissemination. The same considerations affecting confidentiality in the lawyer-client privilege apply. This subsection allows the psychotherapist to enlist the assistance of persons necessary for adequate treatment without destroying the concept of confidentiality.[3]

---

[2] Similar language regarding the confidentiality of communications made in the presence of certain third parties can be found in many of the Florida privileges, i.e., lawyer-client privilege (§ 90.502(1)(c)1., 2.), sexual assault counselor-victim (§ 90.5035(1)(e)1., 2., 3.), domestic violence advocate-victim (§ 90.5036(1)(d)1., 2.), clergy (§ 90.505(1)(b)), and accountant-client (§ 90.5055(1)(c)1., 2.). Such language is missing from the provisions of both the journalist's privilege (§ 90.5015) and the spousal privilege (§ 90.504).

[3] In analyzing the breadth of the privilege and scope of the waiver, courts have often analogized the psychotherapist-patient privilege to the attorney-client privilege. The Supreme Court, in *Jaffee v. Redmond*, 518 U.S. 1, 10 (1996), justified the psychotherapist-patient privilege in terms parallel to those used for the attorney-client privilege noting that, "[l]ike the spousal and attorney-client privileges, the psychotherapist-patient privilege is 'rooted in the imperative need for confidence and trust.'" "Effective psychotherapy," the court explained, "depends upon an atmosphere of confidence and trust in which the patient is

To determine whether the presence of a third party destroys the privilege, a court must consider whether, in light of all the surrounding circumstances and particularly the occasion for the presence of the third person, the communication was intended to be confidential and complied with the other provisions of the statute. For the privilege to have meaning, it must necessarily extend to such individuals whose physical presence, along with the therapist and patient, are required for providing mental health treatment. Under the circumstances presented here, the deputy's presence during the examination was necessary "for the transmission of the communication" under section 90.503(1)(c)2. *See, e.g., Gerheiser v. Stephens*, 712 So. 2d 1252, 1254 (Fla. 4th DCA 1998). Defendant's statements were required for diagnosis and treatment because the examination was psychiatric in nature and sought to ascertain Defendant's psychological condition. As such, Defendant had a reasonable expectation of confidentiality in the communication. Because the communication between Defendant and the psychotherapist could not have reasonably occurred without the officer's involvement and physical proximity, the deputy was a necessary intermediary in Defendant's mental health care.

This court has found in other cases that the presence of third parties does not automatically waive the privilege in the context of attorney-client discussions, even where the involvement of third parties was by the choice of a party and not through some form of coercion. *See Witte v. Witte*, 126 So. 3d 1076, 1078 (Fla. 4th DCA 2012) (the "presence of a close family member does not, in and of itself, waive the attorney-client privilege," and "cannot be determined as a matter of law based on the percentage of time a third party was present."); *see also RC/PB, Inc. v. Ritz-Carlton Hotel* Co.,

willing to make a frank and complete disclosure of facts, emotions, memories, and fears." *Id.*; *see also Segarra v. Segarra*, 932 So. 2d 1159, 1160 (Fla. 3d DCA 2006) (citing *Redding v. Va. Mason Med. Ctr.,* 75 Wash. App. 424, 878 P.2d 483 (1994), and *Hahman v. Hahman,* 129 Ariz. 101, 628 P.2d 984 (1981)); *Koch v. Cox,* 489 F.3d 384, 390 (D.C. Cir. 2007) (recognizing that the *Jaffee* Court closely analogized the attorney-client privilege to the psychotherapist-patient privilege and held them to be substantially similar); *In re Grand Jury Proceedings (Gregory P. Violette)*, 183 F.3d 71, 76 (1st Cir. 1999) ("The *Jaffee* Court justified the psychotherapist-patient privilege in terms parallel to those used for the attorney-client privilege."); *Fitzgerald v. Cassil,* 216 F.R.D. 632, 636 (N.D. Cal. 2003) ("In *Jaffee,* the Supreme Court repeatedly analogized the psychotherapist-patient privilege to the attorney-client privilege. There is good reason, therefore, to treat the two privileges similarly"); *Santelli v. Electro–Motive,* 188 F.R.D. 306, 309 (N.D. Ill.1999) (citing *Jaffee,* 518 U.S. at 10) (noting that the Supreme Court in *Jaffee* found the attorney-client privilege "to be analogous to the psychotherapist-patient privilege"); *Vanderbilt v. Town of Chilmark,* 174 F.R.D. 225, 229 (D. Mass. 1997) (recognizing the close analogy the *Jaffee* Court made between the attorney-client privilege and the psychotherapist-patient privilege).

132 So. 3d 325, 326-27 (Fla. 4th DCA 2014) (addressing the role of third persons in attorney-client communications where the client is a corporation); 3 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 504.08[3] (Joseph M. McLaughlin, 2d ed. 2006) (presence of a parent during communications between a psychotherapist and a minor child will not ordinarily prevent the privilege from attaching).

While the psychotherapist-patient privilege, like any privilege, can be expressly waived, *McKinlay v. McKinlay*, 648 So. 2d 806, 810 (Fla. 1st DCA 1995), such a waiver can be implied from any conduct or disclosure that is inconsistent with the maintenance of the privilege. Generally, communications made in the presence of third parties, whose presence is known to the defendant, are not privileged from disclosure. For example, the voluntary, known presence of an unnecessary third party who can overhear a conversation has been found to be a manifestation of intent to make a non-confidential communication. *See Proffitt*, 315 So. 2d at 464-65 (spousal privilege waived where husband and wife knew or should have known their loud conversation would be overheard by a nearby third party). Therefore, in considering whether a patient's communication with his or her therapist in the presence of a third party is privileged, the critical factor to be considered is whether the communication was made by the patient to a psychotherapist, or his or her agent, for the purpose of obtaining either diagnosis or treatment from the therapist, and with the reasonable expectation by the patient that the statement is being made in confidence. § 90.507, Fla. Stat. (2012).

Here, the presence of the deputy during the mental health examination was not voluntary. By all accounts his presence in the room was mandatory, and was neither optional nor subject to being declined by Defendant. Defendant's ability to be examined and treated by the psychotherapist at the hospital was conditioned on the fact that law enforcement remain within the room at all times. Defendant did not have the option or ability to request a private session with the doctor. Where the presence of a third party who overheard the statements is required and involuntary, the privilege cannot be said to have been waived by the officer's presence. To find a waiver of the privilege under these circumstances would contradict the underlying purpose of privileged communications: "to protect confidential communications between the parties and to encourage people seeking treatment or advice to speak freely on all matters." *Segarra*, 932 So. 2d at 1160. Such "confidentiality is essential to the conduct of successful psychiatric care." *Attorney ad Litem for D.K. v. Parents of D.K.,* 780 So. 2d 301, 306 (Fla. 4th DCA 2001)(citation omitted).

Admitting this statement into evidence over objection would effectively

mean that an individual in custody must forego his right against self-incrimination to obtain necessary medical diagnosis and treatment. Requiring the relinquishment of this constitutional right as a condition of medical diagnosis and treatment for persons placed under arrest or otherwise in custody would be unconscionable. If the privilege were to be nullified by the mere presence of a law enforcement officer, confidential conversations between psychotherapists and their patients would surely be chilled, particularly when it is obvious that the circumstances giving rise to the need for treatment will probably result in prosecution or litigation. Given these facts, a person in Defendant's position might not receive appropriate treatment, knowing they risked losing their confidentiality by answering questions posed to them by their psychotherapist. The result of adopting the State's argument would be an increased risk that troubled individuals might avoid treatment that would otherwise help them better manage their behavior. This court rejects that position.

Therefore, the trial court's order excluding Defendant's statements to his psychotherapist is affirmed.

*Affirmed.*

TAYLOR and LEVINE, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***